JOHN MINOR, plaintiff in error, *vs.* THE STATE OF GEOR-GIA, defendant in error.

1. When there was no evidence that the prisoner instructed another when and how to steal, it was error to charge that so doing, with other enumerated acts, would render him a principal in the larceny.
2. Open and public use of stolen property, and a truthful answer as to how some of it was disposed of, while *prima facie* evidence of innocence, may be intended to disguise guilt, and it is not error to submit the true construction of such conduct to the jury, in the light of all the evidence.

3. When, without any reason apparent from the record, the *corpus delicti* is less fully established than might be expected, this court will the more readily grant a new trial for error in the charge of the court.

Criminal law. Charge of Court. New trial. Before Judge WRIGHT. Dougherty Superior Court. April Term, 1876.

John Minor was indicted for the crime of simple larceny, the particular act being the stealing of a cow, the property of one Louisa George,

On the trial, the evidence made, in brief, the following case:

Prisoner owned a butcher pen, having as his partner one Israel Telfair. The cow was seen standing in their lot. Israel sent word to prisoner, who was not at the pen, that "he had got the cow," and for him to come out there, which he did. The cow was carried into the slaughter house and butchered by prisoner and others. It was then placed in a wagon, taken to the store of one deGraffenried, and sold to him. A demand was made by one of the party (Wesley Wright) for pay; said deGraffenreid replied that he had made no contract with him; Wesley brought back prisoner, who had gone across the street, and the latter said, " pay this man for beef, $7 50," which was accordingly done. Beeves frequently sold for no more than that amount.

The evidence was conflicting as to who drove the cow into the butcher lot or pen; but none of the witnesses swore prisoner did so.

One witness (deGraffenreid) testified that on the morning of the day the cow was brought to his store, prisoner told witness that he had engaged a beef.

Another witness (Stephen George) testified that one of the horns was brought to his house by Louisa George, and was recognized by its peculiar shape and being sawed off; that he met prisoner on the street, and asked him what he (prisoner) had done with the hide of the cow he had killed, and prisoner stated he had sold it to a Mr. Meyer; that witness went to Meyer's store, and there found the hide, which was identified as that of the stolen animal.

The jury found a verdict of guilty.

Defendant moved for a new trial on the following grounds:

1st. Because the verdict was against the law and the evidence, and without evidence to support it.

2d. Because the court, after giving in charge the definition of principals in crimes as defined in the Code, erred in charging as follows: "If you believe from the evidence in the case, that prisoner was one of the original parties in scheming and planning the offense named in the indictment, under the law I have just read you, by furnishing the brain-work, and participating in the affair by physical action after the cow was driven up, (if the evidence shows she had been driven up,) then he would be a principal in the first degree, and not a principal in the second degree, or accessory before or after the fact. For instance, if he planned or instructed another when and how to steal the cow and bring it to him, and then when the cow was thus taken and brought to him, he and those bringing her, killed and appropriated her to their own use, and did such acts as convince you that he was one of the original schemers, planners and participators in the theft, though he may not have been actually present when the cow was driven up," etc.

3d. Because the court, after charging that prisoner's want of concealment and open dealing and truthful statements. could be taken into consideration by the jury, erred in charging as follows: "But if you believe, taking this with all the evidence in the case, that he did so to cover his guilt and make the public believe he had purchased the cow from another, you can give it weight for or against him; but the most natural or probable construction to place upon such acts is that they are evidence of innocence."

The motion was overruled, and defendant excepted.

D. H. POPE, for plaintiff in error.

B. B. BOWER, solicitor general, for the state.

The first sentence of Judge BLECKLEY's opinion on page 633 of this volume, should read as follows:

1. It seems, from authority, that to a complete larceny by A, there may be added, by a sort of criminal accretion, another complete larceny by B: 25 *Georgia Reports*, 515, etc.

BLECKLEY, Judge.

1. It seems, from authority, that to complete a larceny by A, there may be, by a sort of criminal accretion, another complete larceny by B : 25 *Georgia Reports*, 515; also, that a man may commit a crime as principal without being present : 30 *Ibid.*, 757. Compare 26 *Ibid.*, 493; Code, sections 4305 to 4308; 17 *Georgia Reports*, 346; Roscoe's Cr. Ev., 871, 872, 873. There is matter for much thought in these things, and mystery enough to bewilder one for some days. The Code seems plain; but the same law existed when the 25*th Georgia* and 30*th Georgia Reports* were made.. For my own part, judicial candor obliges me to say that I do not know whether the main staple of Judge Wright's charge in the present case, about scheming, planning and furnishing brain-work, is good law or not. I am not sufficiently master of the subject to overrule him, and yet I secretly wish he would not charge the like again. It is some little relief to my perplexity to find that the charge is unguarded in that part of it which refers to the prisoner as possibly instructing another when and how to steal. There is certainly no evidence to warrant that part of the charge; and on that account, all the members of the court concur in pronouncing it erroneous.

2. There was no error in calling the jury's attention to a possible guilty motive for the open dealing and. truthful answer of the prisoner. Men hide under light as well as under darkness. Vice assumes the frank demeanor of virtue. To do right, or seem to do right, after doing wrong, is often the best means of shunning detection. Still, the natural and probable indications from open conduct and truthful speech are favorable to innocence; and so, in effect, the judge stated to the jury.

3. That we direct a new trial without discovering a more grave error in the charge of the court than the one which I have pointed out, may seem to argue that we are not altogether satisfied with the verdict, on the score of evidence. And it is true, we are not. There is not that full proof of the *corpus.*

*delicti* which the circumstances would lead a thoughtful mind to expect. It is a fact, and an unexplained fact, that the owner of the cow was not called to testify. For aught that appears, she may have sold the animal, or given her consent to having her butchered. Who the witness was bearing the owner's family name, or whether related to the owner or not, is not shown. What concern this witness had with the cow does not appear. The cow may have been lost, as to him, but not as to the owner. Why was not the owner examined or the omission accounted for? Or, if neither, why was not some custody or care of the cow brought home to this or some other witness? Again, the witness above referred to testified that the owner brought the horn or horns of the cow to his house. Here we have the owner in possession of one or both of the horns. Where and from whom did she get them? There is no hint that she treated the cow as stolen, or was not satisfied with the way the animal was disposed of, or with the way she herself got the horns. Possibly a few truthful words from her lips would clear up this whole matter.

We think there should be a new trial; and, in view of the evidence in the record, an indictment with more than one count in it would be much safer than the present one, which has but a single count.

Judgment reversed.