UNITED STATES *v.* FORD.

*(District Court, W. D. North Carolina.* February Term, 1888.)

1. RESCUE—INDICTMENT FOR—CERTAINTY.
   An indictment charging, in the exact words of Rev. St. U. S. § 3177, that defendant "did forcibly attempt to rescue" property seized by a revenue collector, does not state with sufficient certainty what acts were done by defendant that constituted the attempt charged.
2. SAME.
   A conviction on such indictment, although fully warranted by the evidence, will be arrested on motion, the want of certainty not being waived by failure to demur.

On Motion in Arrest of Judgment.

This is a criminal action against George Ford. The indictment charges that defendant "did forcibly attempt to rescue" certain property seized by a revenue collector. Defendant, being convicted, moves in arrest of judgment for want of certainty in the indictment.

*H. C. Jones,* U. S. Atty., and *G. F. Bason,* Asst. U. S. Atty., for the United States.

*D. A. Covington* and *F. I. Osborne,* for defendant.

DICK, J. The question of law presented as the ground for this motion has produced some conflict and confusion in judicial opinions, but I think it has been settled by a decided weight of authority.

The principle has often been judicially announced that at common law an attempt to commit a felony is a misdemeanor, and an attempt to commit a misdemeanor is itself a misdemeanor. The difficulty has been in defining an attempt to commit a crime with satisfactory accuracy, as each case was, in a greater or less degree, dependent on its own circumstances. An effort to make a general definition of such offense has, there-

fore, always been vague and indefinite. A mere intention to commit a crime does not render a person amenable to law. It must be manifested by some accompanying act of willful wrong or culpable negligence to make it criminal in law. A man's motives and intentions can only be properly inferred from the means which he uses, and the acts which he does. An attempt imports something done towards the accomplishment of a conceived purpose, without success. An attempt to commit a crime is an incomplete effort made by some act intermediate to a criminal intention and a consummated crime. The intention of the actor can alone be clearly ascertained by the movements which he has made to complete his design. The criminal nature of an offense is a conclusion of law derived from the facts and circumstances of the case. In an attempt to commit a crime, the acts and words of a wrong-doer are, therefore, essential ingredients to constitute an offense, and show the purpose he had in view. The word "attempt" is generally used in the law in describing the offense of an unsuccessful effort to commit a crime; but it has no technical meaning importing sufficient legal certainty as to the manner, the means used, and the intention of the wrong-doer. Its force and effect in an indictment was dependent upon a statement of the facts and circumstances that accompanied and constituted the illegal effort alleged. An assault is an *attempt* to do some personal violence to another, and the word "assault" has acquired a technical signification that imports an allegation of intentional violence and illegality. This definite technical meaning of the word makes it unnecessary, in an indictment for an assault with intent to commit a crime, to describe such offense with the same particularity that would be required in an indictment for the commission of the crime itself. In the indictment now before us, for an attempt to rescue spirituous liquors duly seized by the officers of the law, if it had been alleged that such attempt was made by an assault upon such officers while in the discharge of their official duty, such allegation would have been sufficiently definite, and would have been supported by the evidence offered on the trial.

In 2 Whart. Crim. Law, § 2686, there is a definition of an indictable attempt to commit a crime, and it is as full and accurate as can, probably, be made; but Mr. Wharton says, in a subsequent section, (2703,) "Attempt is a term peculiarly indefinite."

The indefinite nature of the offense, at common law, of an attempt to commit a crime, has induced the enactment of many statutes in England and this country, setting forth, in express terms, what acts shall constitute an attempt to commit the crimes referred to in such statutes. In a case not thus specifically defined, the offense of an attempt to commit a crime, although declared, in general terms, in a statute as a crime, remains as at common law, and its nature is dependent upon its peculiar circumstances, and they must be distinctly alleged in an indictment. The overt acts or words that indicate the intention of the alleged wrong-doer must be considered by the jury, upon the evidence, in determining the essential question—whether such intention was criminal. Everything necessary to be proved must be alleged.

Brevity in pleading is very desirable in criminal cases, and unnecessary prolixity in the manner of statement should be carefully avoided; but every matter legally essential to constitute the offense must be so definitely alleged as to be clearly intelligible. The want of specific averment cannot be supplied by implication. It is not waived by the failure of the defendant to avail himself of a demurrer, or a motion to quash, and it is not cured after verdict by any United States statute of jeofails. There are many non-essential matters that are often found in indictments that may be regarded as surplusage, while there are others that must be proved as alleged, or there will be a fatal variance on the trial.

A person indicted for crime has a constitutional right "to be informed of the nature and cause of the accusation," by having the offense, and the facts that constitute it, plainly and fully alleged in the indictment, so that he may have a reasonable opportunity of introducing evidence, and making defense before a jury that can investigate the facts, and a court that can see whether the facts alleged constitute the crime charged.

Every indictment should show that an offense has been committed, and *how* committed, so that the defendant may have all the privileges humanely accorded by law to all persons accused of crime,—a motion to quash the indictment, a demurrer to the indictment, a fair trial before a well-informed jury, a motion in arrest of judgment, a writ of error, and full security against a second prosecution for the same offense.

In the case *U. S.* v. *Cruikshank*, 92 U. S. 542, Chief Justice WAITE announced in clear, precise, and comprehensive terms, the requisites of a good and sufficient indictment, as settled by many adjudications; but I deem it unnecessary to quote the language so carefully and accurately employed, and so easily accessible to the legal profession.

In some cases words spoken are *acts* sufficient to constitute an attempt to commit a crime, if they are of such a character as to be well calculated and adapted to accomplish the crime intended. Thus, threats of immediate personal violence, made against a reasonably prudent and firm officer of the law, while in the discharge of his legal duty, well calculated to intimidate him, and make him desist from further effort to execute the mandate of the law, if they are unsuccessful, constitute the offense of an attempt to obstruct, hinder, or resist the execution of legal process.

As such threatening words do not constitute the gist of the offense, they need not be set forth with particularity and accuracy in an indictment. The substance and purport will be sufficient. A general allegation of verbal threats of personal injury would be sustained by proof of any words of the defendant calculated to show a purpose of immediate violence if the unlawful demands of the wrong-doer are not complied with by the officer.

There are many cases where a wrongful act is alleged in an indictment, and the evidence relied on to prove the criminal intention of the wrong-doer consists of a series of facts of a kindred nature, constituting but one offense. It is not necessary, in such cases, that each fact should be-

specifically set forth and described, for a general description, reasonably including the series, will be sufficient, as certainty to a certain intent in general is all that is required in an indictment in such cases.

This class of cases includes such offenses as common barratry, common scolds, keeping a gaming-house, a disorderly house, a house of ill fame, the carrying on the business of a retail liquor-dealer without paying the special tax, and other offenses of a like nature, where continuous acts and duration of time enter into and constitute crime. *U. S.* v. *Howard*, 12 Myers, Fed. Dec. § 2402. There are other special and peculiar offenses referred to and explained in *U. S.* v. *Gooding*, 12 Wheat. 460; *The King* v. *Higgins*, 2 East, 5; *U. S.* v. *Simmons*, 96 U. S. 360; but they only form exceptions to the general and salutary rule of the common law, that an indictment must contain allegations of the facts necessary to constitute the criminal charge preferred, expressed with reasonable precision, directness, and fullness, so as to enable the person accused to avail himself of such legal defenses as may be in his power.

There is another class of cases which do not come within this general rule as to the sufficiency of indictments:

"When a statute makes a particular act an offense, and sufficiently describes it by terms having a definite and specific meaning, without specifying the means of doing the act, it is enough to charge the act itself without its attendant circumstances." *State* v. *George*, 93 N. C. 567, and cases cited.

The indictment in the case before us charges the offense in the words of the section of the United States Revised Statutes (3177) upon which it is based; but such words are not sufficient, as they do not define the offense with proper accuracy for certainty of allegation in an indictment. The words "did forcibly attempt to rescue" import some means of unlawful violence; but they do not distinctly specify any act done. The offense alleged is substantially an *attempt to commit a forcible trespass* by endeavoring to retake property that had been duly seized, and was then in the proper custody of the officers of the law. In a civil suit for a trespass the words "with force and arms" are sufficient in a declaration, but they are not sufficient in an indictment for a "forcible trespass." In such a case it must be charged and proved that there was such force, or show of force, as was well calculated to prevent or overcome any resistance on the part of the person whose rights were thus violently invaded.

The offense alleged in this case is not purely statutory, but has relation for certainty of description to the definition of a similar offense at the common law. Upon this subject the supreme court of the United States says, in *U. S.* v. *Carll*, 105 U. S. 611:

"In an indictment upon a statute it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished; and the fact that the statute in question, read in the light of the common law, and of other statutes of the like matter, enables the court to infer the intent of the legislature, does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent."

The question now before us was determined by Mr. Justice MILLER, in *U. S.* v. *Ulrici*, 12 Myers, Fed. Dec. § 2425. It has also been decided by the supreme court of this state, after considering several cited cases., In *State* v. *Colvin*, 90 N. C. 717, Mr. Justice ASHE said:

"From an investigation of the authorities upon the subject, our conclusion is that, to warrant the conviction of a defendant for such an offense, it is essential that the defendant should have done some acts, intended, adapted, approximating, and which in the ordinary and likely course of things, would result in the commission of a particular crime; and this must be averred in the indictment and proved." See, also, *State* v. *Brown*, 95 N. C. 685.

The evidence on the trial of this case was amply sufficient to warrant the verdict of the jury; but as the averments in the indictment are not made with the certainty required by well-settled rules of law the judgment must be arrested. It is so ordered.