### MALONE *v.* THE STATE.

COBB, J.  1. The discretion of the judge in overruling a motion for a new trial in a criminal case, based on alleged newly discovered evidence, will not be controlled, when the movant fails to make affidavit that he did not before the trial know of the facts upon which the motion is based, and could not by the exercise of proper diligence have discovered them. And this is true though his counsel may make affidavit, evidently based on information received from others, to the effect that the time when the alleged offense was committed the accused was in such a condition that he could not have known of the existence of the evidence upon which the motion is based; and though the counsel also deposes that the failure to discover the evidence before the trial was not due to any lack of diligence on his part.

2. Testimony of a witness that the offense was committed "in this county" is sufficient proof of the venue, when it appears from the record that the trial was had in the county in which the offense was alleged to have been committed.

3. When in the trial of one charged with the offense of assault with intent to murder the evidence demands a finding that the accused is guilty of the offense charged, and the statement of the accused admits that he was at the scene of the crime and was drinking, and that if he shot the person alleged to have been assaulted he did not know anything about it, a verdict finding the accused guilty of shooting at another furnishes the accused no ground of complaint. This case is distinguished from the case of *Kendrick* v. *State*, 113 *Ga.* 759, by the fact that in that case the statement of the accused, if true, established an alibi.

4. There was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*

Submitted July 21,—Decided August 9, 1902.

Conviction of shooting at another.    Before Judge Littlejohn. Sumter superior court.    May 9, 1902.

*J. R. Williams* and *Allen Fort, Jr.,* for plaintiff in error.
*F. A. Hooper, solicitor-general,* contra.