## CARROLL *v.* THE STATE.

1. The venue was sufficiently established.
2. The evidence authorized the verdict. The newly discovered evidence was not of such a character as to require the granting of a new trial; and no sufficient reason has been shown for reversing the judgment.

Argued October 17, — Decided November 12, 1904.

Indictment for larceny from the person. Before Judge Roan. Fulton superior court. July 9, 1904.

*James L. Key* and *Rucker & Rucker*, for plaintiff in error.
*C. D. Hill, solicitor-general*, contra.

Cobb, J. Carroll was convicted of the offense of larceny from the person, and assigns error upon the refusal of the judge to grant him a new trial.

1. It is contended that the venue was not sufficiently established. It appeared from the evidence that the prosecutor had, on the day of the alleged larceny, obtained a sum of money at a place of business on Alabama street in the city of Atlanta, which was in Fulton county, Georgia; that he went from this place of business to a barroom which was directly across the street; that from there he went to another barroom which was a little further up the street, and in this barroom his money was taken from him. After describing the manner in which the money was taken, the direct examination of the witness concluded as follows: "Q. When the officer came you turned Murphy over to him? A. Yes, sir. Q. That was $200.00 you had in your pocket? A. Yes, sir, $200.00. Q. And that was your money? A. Yes, sir. Q. And worth $200.00. That was in this county? A. Yes, sir, it was $200.00, because I gave my check for it, and it was paid. Q. And you gave that to Mr. Morgan? A. Yes, sir, I paid him, and went back and got $125.00 more; I had to get it, because I was obliged to have some money. Q. You never got any of that money back, though, did you? A. No, sir, not a cent of it." It

is argued that the answer, yes, to the fourth question above set out, taken in connection with what follows that portion of the answer, indicates that the mind of the witness was upon that part of the question that referred to the value of the money, and that the answer does not sufficiently indicate that it was intended as a reply to the latter part of the question, 'that was in this county?' The two questions were propounded simultaneously. The answer, yes, is an appropriate answer to each. If the answer had been simply 'yes,' there could be no question in reference to what the witness intended. A reasonable interpretation of this answer is that the witness intended the affirmative reply to be applied to both questions, and that he wished to give his reasons upon which he based his answer as to the value of the money, and therefore added what appears in the answer after the first word. We think the venue was sufficiently established by this answer.

2. The evidence was sufficient to authorize the jury to find that the money was taken from the person of the prosecutor privately and without his knowledge, so as to make complete the larceny from the person. While the prosecutor may have detected the hand of Murphy in his pocket before the money was actually taken, he did not know what was the purpose of this person until the money was actually in his hands and had been withdrawn from the pocket of the prosecutor. The evidence was sufficient to show a conspiracy between Murphy and the accused to commit the larceny. The transaction was one of a few moments, and the taking was of such a character as to establish the offense charged in the indictment. The newly discovered evidence was not of a character requiring the granting of a new trial. No sufficient reason has been shown for reversing the judgment.

*Judgment affirmed. All the Justices concur.*