## 845. LITTLE v. THE STATE.

The verdict was not without some evidence to support it at each material point.

Indictment for assault with intent to murder, from Putnam superior court—Judge Lewis. October 21, 1907.

Argued January 14,—Decided January 27, 1908.

*W. T. Davidson,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

POWELL, J.  Lucy Little was convicted of assault with intent to murder.  The sole exception is that the verdict is contrary to the evidence.  Under this ground she claims that it is not shown that the crime was committed in Putnam county; nor that the offense was committed within four years prior to the finding of the indictment; nor that the assault was committed with the weapon alleged—a rock; nor that there was a specific intent to kill; nor that the rock was a weapon likely to produce death.

As to the venue, the prosecutor testified: "At that time she did something to me; it was in Putnam county;" and this he followed with a narrative of the details of the assault.  In light of this proof, to say that the venue was not shown is to quibble over verbal niceties.

As to the time:  the indictment was found at the September term, 1907, of Putnam superior court, and the trial occurred during the same session.  The prosecutor began his testimony with the statement, "On the 20th day of last July, I was seventy-three years old; in August last I was quite feeble;" and then, after detailing the exact nature of his feebleness, "I knew Lucy Little at that time, and have known her ever since she was a small kid; she knew of my physical weakness;  .  .  she was not living with me on the 29th of August; at that time she did something to me;" and then gave an account of what she did.  It is very plain to us that the only natural meaning to be given to the words of the prosecutor is that the assault occurred on the 29th day of August, 1907.

While the State should show that the assault was committed with the weapon alleged, in this case a rock, this may be done circumstantially.  There is hardly any room for doubt, under the testimony, that the wound in this case was inflicted with a rock. See *Trowbridge* v. *State,* 74 *Ga.* 431 (4), 434.

As to the specific intent to kill, which is essential to a conviction of assault with intent to murder: this young woman caught this old man, weak and feeble, threw him down, clutched him by the throat, and beat him severely upon the head with some heavy blunt weapon, presumably a rock, repeating at the time, "God damn it, I will kill you."  It was the opinion of the attending physician, called to treat the wounds, that a weapon of the nature of that which produced these wounds could have killed the prose-

cutor; the nature of the wounds, which were serious, was described to the jury. We are not willing to say that they were unwarranted in finding that the defendant possessed the specific intent to kill at the time of the assault, and that the weapon she used could have effected the intended result, if her purpose had not been thwarted by the struggles of the old man and the arrival of others upon the scene. It should be remembered that a weapon which might not justly be called deadly as regards its use upon a normal middle-aged person could very well be found to be deadly when used upon a young child or an old man. We have carefully examined the record, and find no reason for reversing the judgment refusing the defendant a new trial.          *Judgment affirmed.*