## 8409. MERRITT *v.* THE STATE.

1. The deadly character of the weapon used in making an assault may be inferred from the nature and effect of the wound inflicted.

2. On the trial of one accused of the offense of assault with intent to murder, the court should instruct the jury in effect that not only must all the essential elements necessary to constitute a case of murder, except the death of the party assaulted, be shown, but that in addition it must appear that the assault was made with a weapon likely to produce death, and with the specific intent to take human life.

3. If the charge given be otherwise correct, the mere failure to inform the jury that the assault must have been committed with a weapon likely to produce death is not necessarily reversible error. The evidence in support of the verdict is well-nigh conclusive, and this court can not interfere.

> DECIDED MARCH 23, 1917.

Indictment for assault with intent to murder; from Coffee superior court—Judge Summerall. December 2, 1916.

*D. E. Griffin, J. H. Dodgen,* for plaintiff in error.

*M. D. Dickerson, solicitor-general,* contra.

GEORGE, J. Robert Merritt Jr. was convicted of assault with intent to murder. He made a motion for a new trial on the usual general grounds, and on two special grounds.

1, 2. The charge of the court in submitting to the jury the law

of assault with intent to murder is correct with one exception. The judge failed to inform the jury that, in order to warrant a conviction of the offense of assault with intent to murder, it must appear that the assault was made with a deadly weapon. Generally the jury should be specifically instructed, in a case of this character, that in order to warrant a conviction it must appear that the assault was made under such circumstances that, had death ensued to the party assaulted, the offense would have amounted to murder, and it must further appear that the assault was made with a deadly weapon and with the specific intent to take the life of the party alleged to have been assaulted. The omission in this case to specifically inform the jury that the State must show that the weapon named in the indictment was one likely to produce death, or deadly in character, will not require a reversal. The defense made by the accused was that the prosecutor (the person alleged to have been assaulted) was not cut by him at all. He claimed that the prosecutor was cut by some one else in a general difficulty. The evidence for the State clearly and almost conclusively shows that he did in fact cut the prosecutor with a knife, as alleged in the indictment. The prosecutor was stabbed in the neck and cut upon the arm. From fifty to sixty stitches were necessary in order to close his wounds. He was actually confined in the hospital for eleven days immediately following the infliction of the injuries upon him. The indictment alleged that the knife was a weapon likely to produce death. The judge expressly informed the jury that the burden was upon the State to establish beyond a reasonable doubt the truth of every material allegation made in the indictment. He informed the jury that the evidence must show, in order to warrant a conviction of the accused, that the assault was made upon the prosecutor as charged in the indictment, with the deliberate intent to kill the prosecutor. The charge as a whole is fair and impartial, and we do not think that the mere omission of the court, under the particular facts of this case, to inform the jury that the weapon employed must have been one likely to produce death was error; certainly it was not such harmful error as would require the grant of a new trial.

3. The evidence establishes beyond question that the accused participated in an unprovoked and wholly unauthorized assault upon the prosecutor. In the assault the father of the accused like-

wise participated. Both were armed with knives. But for the timely interference of bystanders, the death of the prosecutor would likely have resulted. The trial judge gave the accused the benefit of every contention raised by his statement or authorized by the evidence. He charged the law of assault with intent to murder, the law of stabbing, the law of assault and battery, and the principles of justification. The jury found the defendant (as indeed they must have found, as conscientious jurors) guilty of the offense of assault with intent to murder. No error appears in this case, and the motion for new trial was properly denied.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*