### 11038.   HENDERSON v. THE STATE.

BLOODWORTH, J.   1. "Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness, a new trial will not be granted." *Arwood* v. *State,* 59 *Ga.* 391 (1); *Key* v. *State,* 21 *Ga. App.* 795 (1) (95 S. E. 269), and cit. Under the above ruling there is no merit in the grounds of the motion for new trial based upon alleged newly-discovered evidence.

2. There is some evidence to support the verdict; the judge who saw and heard the witnesses approved the finding of the jury, and, as no error of law appears, this court cannot interfere.

> *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
> DECIDED JANUARY 27, 1920.

Indictment for violation of prohibition law; from city court of Blackshear—Judge Mitchell.   October 4, 1919.

*W. A. Milton,* for plaintiff in error.

*S. T. Memory, solicitor, E. A. Stephens,* contra.

---

### 11047.   HIGHTOWER v. THE STATE.

LUKE, J   1. "Where there is nothing in the evidence to indicate that the killing was not voluntary, and where no charge is requested on that subject, involuntary manslaughter is not an issue in the case, and no allusion should be made to it in charging the jury, even though the prisoner's statement by indirection suggests such a theory." *Jackson* v. *State,* 91 *Ga.* 272, (3) (18 S. E. 298, 44 Am. St. Rep. 22). Even if such a theory could have been predicated upon the statement of the defendant, it was not error to fail to charge upon the law of involuntary manslaughter, no request having been made for a charge upon this subject.

2. The evidence authorized the conviction of the defendant; and the charge of the court, when read as a whole, is not subject to the criticism urged against it. For no reason assigned was it error to overrule the motion for a new trial.

> *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
> DECIDED JANUARY 27, 1920.

Conviction of manslaughter; from Fulton superior court—Judge Humphries.   September 27, 1919.

*W. C. Munday, S. C. Crane,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.