26764. HILBURN *v.* THE STATE.

MacINTYRE, J. 1. The very essence of involuntary manslaughter is "the killing of a human being without any intention to do so." Code, § 26-1009. "Involuntary manslaughter, whether it be the killing of a human being in the commission of an unlawful act, or the killing of a human being in the commission of a lawful act without due caution and circumspection, is the killing of a human being when there is no intention to kill." *Barbee* v. *State,* 175 *Ga.* 307 (2), 310 (165 S. E. 232). "There can be no involuntary manslaughter where the intention is to kill. If there is any evidence to raise a doubt, even though slight, as to the intention to kill, the court should give in charge the law of involuntary manslaughter, but if there is nothing to raise such a doubt, the failure to charge on that subject will not require a new trial." *Jackson* v. *State,* 76 *Ga.* 473 (3). See also *Smith* v. *State,* 50 *Ga. App.* 105 (177 S. E. 76) and cit.

2. "A defendant's statement alone, however, though it might authorize, would not require such a charge [on involuntary manslaughter], in the absence of a request." *Cain* v. *State,* 39 *Ga. App.* 128, 133 (146 S. E. 340); *Parks* v. *State,* 105 *Ga.* 242, 248 (31 S. E. 580); *Reed* v. *State,* 148 *Ga.* 18 (4) (90 S. E. 473).

3. In the instant case a deadly weapon was used to accomplish the killing, and it was used in the usual and natural manner in which such a weapon would produce that result, and a presumption of an intention to kill would arise. The evidence does not raise the question that the defendant used the deadly weapon in a manner not calculated to produce

death, in which case the question of intention to kill would have been one of fact for the jury.

4. In the instant case the killing was done with a pistol, a weapon likely to produce death, and there is nothing in the *evidence* requiring a charge to the jury on the subject of involuntary manslaughter, and even if the issue of involuntary manslaughter was made by the defendant's statement alone, it has been held not to be error, in the absence of a proper written request, to fail to charge on the subject of involuntary manslaughter. *Hightower* v. *State*, 24 *Ga. App.* 701 (101 S. E. 918); *Mars* v. *State*, 163 *Ga.* 43 (14) (135 S. E. 410).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED APRIL 26, 1938.

*Lester F. Watson, Will Stallings, D. R. Jackson,* for plaintiff in error.

*M. H. Boyer, solicitor-general,* contra.