## 28350.   GAITHER *v.* THE STATE.

### DECIDED OCTOBER 22, 1940.

*Carl F. Hutcheson, Paul Crutchfield,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Daniel Duke,* contra.

MACINTYRE, J.   Otha Gaither was convicted of assault with intent to murder. His motion for new trial was overruled, and he excepted.

Special ground 1 complains that the judge erred in charging the jury as follows:   "If you find that a witness has been successfully impeached, you should disregard his testimony entirely, unless it is corroborated by other unimpeached testimony." The movant contends that this charge was error, because it told the jury that "said evidence is not true, but is true if corroborated by other unimpeached testimony;" that the court should have told the jury that they *"may"* disregard the testimony entirely if successfully impeached, unless such testimony is corroborated by other unimpeached testimony; that the judge told the jury that they *must* disregard such testimony entirely, whereas he should have told them to give such testimony such weight as they saw fit.   We think

this charge merely stated a particular hypothesis and then left it to the jury to determine from the evidence whether the hypothesis was established. Such a charge is permissible. *Daniels* v. *State,* 58 *Ga. App.* 599 (13) (199 S. E. 572). This charge was, in effect, in the language used in a similar charge in *Powell* v. *State,* 101 *Ga.* 9, 19 (29 S. E. 309, 65 Am. St. R. 277). See *Croker* v. *State,* 57 *Ga. App.* 895 (197 S. E. 92) ; *Martin* v. *State,* 42 *Ga. App.* 591 (157 S. E. 113). It will be noted that in the paragraph immediately preceding the excerpt complained of the judge charged: "Gentlemen, to impeach a witness is to prove to the satisfaction of the jury that such witness is not worthy of belief. One method of impeachment is by proof of contradictory statements previously made as to matters material to the testimony and material to the case." And immediately following the excerpt complained of and in the same paragraph with it the judge charged: "However, the weight that you will give to the testimony of all witnesses is a matter to be decided by the jury." When the whole charge on the subject of impeachment is considered no reversible error appears. See Code, § 38-1806; *Powell* v. *State,* 122 *Ga.* 571 (50 S. E. 369).

Special ground 2 complains of the following charge: "Malice is a state of mind, an intention to kill at the time, which is not justified. It is a deliberate intention at the time to take away human life, which is not justified or excused under the law. That is a short, brief definition of murder, and every element of that must be proven before there could be a conviction on this indictment charging assault with intent to murder, except the actual death." The movant contends that the excerpt is "not a correct principle of law as defined in the Penal Code of said State, and that the definition of malice emerged into the definition of murder was confusing and misleading to the jury and was erroneous." Immediately preceding the excerpt complained of the judge had thus defined murder: "Murder is the unlawful killing of a human being in the peace of the State with malice aforethought, either express or implied." This was obviously the definition of murder to which the judge referred. He had elsewhere given in charge the essential elements of the crime charged, that of assault with intent to murder. When the excerpt complained of is read with the charge as a whole, no reversible error is disclosed.

Special ground 3 complains of the following instruction which was given to the jury on recharge: "What I have said does not in anyway eliminate anything that I have said about stabbing, or not guilty. I am only giving you the law about the form of your verdict in case you find a verdict of assault with intent to murder." The ground of complaint is that the charge was confusing, misleading, and erroneous, and was not complete within itself, and gave the jury the wrong impression as to what the court meant by this language. When the recharge to the jury is read in its entirety, the meaning of this excerpt therefrom is clear, and this ground does not disclose reversible error.

Special ground 4 complains that the judge erred in not submitting to the jury the lesser offense of assault and battery. The evidence for the State, if credible, authorized the verdict finding the defendant guilty of assault with intent to murder, or stabbing, and the evidence for the defendant and the defendant's statement authorized a finding that the defendant committed the act charged in self-defense. There was no evidence which would have authorized the jury to find the defendant guilty of assault and battery, and the judge did not err in failing to charge thereon. The evidence showed no assault, or assault and battery, other than the stabbing. *Sessions* v. *State,* 115 *Ga.* 18, 23 (41 S. E. 259) ; *Ward* v. *State,* 56 *Ga.* 408. In charging the jury on the law of self-defense, applicable to both the offense of an assault with intent to murder and the offense of stabbing, the omission to give the definition of the words "assault" and "assault and battery" was not cause for a new trial, no timely written request having been presented therefor. Special grounds 5 and 6, complaining of the judge's failure to charge a definition of "assault" or of "battery," are therefore not meritorious. *Thomas* v. *State,* 181 *Ga.* 422 (2) (182 S. E. 501) ; *Byrd* v. *State,* 187 *Ga.* 328, 334 (2) (200 S. E. 671) ; *Sheffield* v. *State,* 188 *Ga.* 1, 11 (2 S. E. 2d, 657).

The evidence authorized a finding that T. J. Emory and the defendant had a few words of argument in a soft-drink stand; that the defendant left before Emory; and as Emory left, the defendant, without justification, cut him with a four-inch-blade knife before Emory knew what had happened. The evidence authorized

the verdict finding the defendant guilty of assault with intent to murder.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*