28983. CLARKE *v.* THE STATE.

DECIDED SEPTEMBER 8, 1941.

*T. Reuben Burnside, W. Tom Veazey,* for plaintiff in error.
*J. Cecil Davis, solicitor-general,* contra.

MACINTYRE, J. 1. The defendant did not mention or argue the general grounds of the motion for new trial, and they are treated as abandoned.

2. The court charged the jury, in part, as follows: "[Now that law which I have just read applies where the defendant himself is without fault]—where he is assaulted or attacked without fault on his part, and he simply acts in his own defense." (Brackets ours.) It is contended that the part of the excerpt enclosed in brackets was erroneous, for the reason that the defendant might have been at fault when the tussle first started, but had declined any further struggle at the time he shot Charlie Terry. There was no evidence that the defendant had declined any further struggle. There was no request to charge. "The omission, without request, to charge on a theory of the case which is not authorized by the evidence, but finds support only in the prisoner's statement not under oath before the jury, is not erroneous." *McLendon* v. *State,* 172 *Ga.* 267 (2) (157 S. E. 475). The judge was at the time charging on the law of justifiable homicide and self-defense; and when the whole charge is considered, he did not err as contended in this ground of the motion.

3. In ground 2 the defendant complains that the court failed to charge the law of unlawfully shooting at another. There was no evidence of unlawfully shooting at another, and no evidence of any struggle or mutual intent to fight except what appeared from the

defendant's statement. The statement alone, though it might have authorized a charge on the law of unlawfully shooting at another, would not require it in the absence of a request. *Hilburn* v. *State*, 57 *Ga. App.* 854 (2, 4) (197 S. E. 73).

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*