## 29105. WHEELER *v.* THE STATE.

DECIDED SEPTEMBER 19, 1941.

*H. A. Allen, J. C. Miner,* for plaintiff in error.
*John A. Boykin, solicitor-general, D. T. Pye, John R. Parham,* contra.

MacINTYRE, J. 1. As to the question of venue, Lloyd Elkin, the person upon whom the alleged crime was committed, testified: "On or about the 23rd of September, last year, I was working in Atlanta, in Fulton County, Georgia. . . I saw him [defendant] where I was working. I was struck but I didn't see it. It happened there on the job [where I was working in Atlanta, in Fulton

County, Georgia] in East Atlanta." (Brackets ours.) Another witness identified the defendant as the person committing the assault. This we think, sufficiently established the venue. As was said in a somewhat similar case: "In light of this proof, to say that the venue was not shown is to quibble over verbal niceties." *Little* v. *State,* 3 *Ga. App.* 441 (60 S. E. 113). See *Carroll* v. *State,* 121 *Ga.* 197 (48 S. E. 909); *Malone* v. *State,* 116 *Ga.* 272 (2) (42 S. E. 468); *Attaway* v. *State,* 64 *Ga. App.* 319 (13 S. E. 2d, 99), and cit.; 1 Wharton's Criminal Evidence (10th ed.), 310, § 108.

2. Ground 2 of the motion was expressly abandoned.

3. The defendant was convicted of assault with intent to murder. Defendant contends that the proof failed to establish an intent to kill, or that the wound was one likely to produce death. Lloyd Elkin and the defendant worked at the same place. Elkin was using a saw bench, and the defendant attempted to take it from him. Elkin told him he was using it and defendant set it down. Elkin started sawing, and the defendant struck him with an average-size claw hammer, which had a handle about fourteen inches long, while Elkin was sawing the wood. This testimony was corroborated. The defendant's evidence and his statement to the jury were in effect that he and Elkin had a fuss about using the saw bench; that Elkin started cursing him and started to slash him with the saw, and that he then hit Elkin with the hammer in self-defense. Elkin was knocked unconscious and was taken to a hospital. He was unconscious from Monday morning until the following Wednesday. The jury was authorized to find that the hammer, as used, was a weapon likely to produce death, and that the defendant criminally intended to kill. *Banks* v. *State,* 192 *Ga.* 181 (15 S. E. 2d, 190); *Merritt* v. *State,* 19 *Ga. App.* 616 (91 S. E. 885); *Nelson* v. *State,* 4 *Ga. App.* 223 (60 S. E. 1072); *Reece* v. *State,* 60 *Ga. App.* 195 (3 S. E. 2d, 229); *Hogan* v. *State,* 61 *Ga.* 43. The motion for new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*