29318. ALEXANDER *v.* THE STATE.

DECIDED MARCH 6, 1942.

*G. B. Walker, H. E. Edwards, H. C. Holbrook,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, E. E. Andrews,* contra.

MACINTYRE, J. ■ William Alexander was convicted under Code § 26-1405, which provides: "An assault with intent to rob is where any person shall, with any offensive or dangerous weapon or instrument, unlawfully and maliciously assault another, or shall, by menaces, or in and by any forcible or violent manner, demand any money, goods, or chattels of or from any other person, with intent to commit robbery upon such person." W. N. Rudisill, the person upon whom the alleged crime was committed, had, two days prior to the date thereof, bought from the defendant certain automobile tires which Rudisill testified had been paid for in cash and which the defendant claimed had not been paid for. Rudisill operated a filling-station and grocery store near Alpharetta, Georgia. On the occasion of the purchase of the tires, the defendant had seen Rudisill with about $100 in money in his pocket book

when Rudisill paid him for the tires. About 10:30 o'clock the next night the defendant came to Rudisill's home after he had retired and under the pretense of wanting gas persuaded Rudisill to come outside. Rudisill testified that the following transpired: "I didn't see any automobile at that filling-station or about that place anywhere. . . He [the defendant] stepped out from behind a telephone post just about the time I got even with it, and he threw that shotgun on me and he said: 'Give me your money.' I still didn't see any car out there. And I said: 'What do you mean, Bill?' and he said: 'I mean business. I am in all kinds of trouble and I have got to get out of it. Don't talk back to me; go on and get in that car.' And I said to him: 'Bill, turn me loose, you can't do this to me.' And he said: 'Don't you talk back to me, I'm going to kill hell out of you, go on and get in that car.' And that time he pulled the gun up, and I could hear it click twice, so I knew he pulled both hammers back, and I said to myself, 'He is going to shoot me if I don't do something quick, I am going to take a chance on running.' So I started to run, and he snapped the gun twice, and by that time by running I got in the house," and called the police. We think the jury were authorized to find the defendant guilty as charged.

■ We will consider special grounds 1, 4, 5, 6, and 7 together. The defendant contends in his brief, that the judge erred in referring to the crime charged as an "attempt to commit the offense of robbery," on the ground that it was misleading and not supported by the charge in the indictment, and that it authorized a finding of guilty whether the jury believed that an assault had been committed or not; and he contends that the judge erred in referring to the crime charged as "the offense of attempted robbery," as this was prejudicial error in that it relieved the State of proving any allegation in the indictment, because the indictment charged assault with intent to rob, whereas the charge covered an entirely different crime, to wit, an attempt to commit robbery.

Our Code, § 26-1401, defines an assault as "an attempt to commit a violent injury on the person of another." This definition is in substance the same as that of the common law, the courts of this State, this country, and England. *Edwards* v. *State*, 4 *Ga. App.* 167, 168 (60 S. E. 1033); *Williams* v. *State*, 15 *Ga. App.* 306, 310 (82 S. E. 938). There is, of course, a distinction be-

tween merely "an intent" and "an assault," as was recognized in *Johnson* v. *State,* 14 *Ga.* 55, 60. In that case the court held that in crimes which require force (here the crime charged was assault with intent to rob by force) as an element in their commission, there is no substantial difference between an *assault with intent,* and an *assault with attempt* to perpetrate the offense. See *Smith* v. *State,* 126 *Ga.* 544, 546 (55 S. E. 475); People v. Akens, 25 Cal. App. 373, 374 (143 Pac. 795); *Wilson* v. *State,* 53 *Ga.* 205, 206; *Thomas* v. *State,* 99 *Ga.* 38 (26 S. E. 748); *Griffin* v. *State,* 26 *Ga.* 493; *Minor* v. *State,* 56 *Ga.* 630, 633; 4 Words and Phrases, 399, 766. Here the crime charged in the indictment was "assault with intent to rob" as defined in the Code, § 26-1405, supra. An assault to commit a designated crime does not necessarily embrace all the various phases of attempting to commit that crime, but an assault with intent to commit the crime of robbery is one of the phases of attempting to commit the crime of robbery. An attempt to commit a crime consists of three elements: first, the intent to commit the crime; second, the performance of some overt act towards the commission of the crime (in the instant case, it is the assault as stated in Code § 26-1405); and third, a failure to consummate its commission. 4 Words and Phrases, 748; Code, § 27-2507. The word "attempt" is generally used in law in describing the offense of an unsuccessful effort to commit a crime, but it has no technical meaning importing sufficient legal certainty as to the manner or means used, and the intention of the wrong-doer (any more than the words "cheating and swindling" or "manslaughter" describe the various ways of committing cheating and swindling, or the various ways of committing the three kinds of manslaughter). The force and effect of the word "attempt" as used in the instruction depends upon the context. 4 Words & Phrases, 747; United States v. Ford, 34 Fed. 26, 27.

The judge charged Code § 26-2501, which defines the offense of robbery, and then charged § 26-1405, which defines an assault with intent to rob, and immediately thereafter stated: "Now, I have given you the definition of the law that this indictment charges this defendant violated. The burden is on the State to establish each and all of the material allegations in this bill of indictment, and all the allegations are material. . ." The indictment charged the preliminary facts that constituted the ultimate fact

of the alleged assault with intent to rob. After the judge, in the first sentence of his charge, used the general words that the defendant was charged in the indictment "with the offense of *an attempt* to commit the offense of robbery" (italics ours) he thereafter descended into particulars, and instructed the jury that the grand jurors in the indictment charged the defendant with an *assault* with intent to rob, and then, in the very language of the body of the indictment which charged an assault with intent to rob, he enumerated the concrete facts charged therein which, all taken together, constituted the essential elements of the crime charged, and then told them the State must prove all of these facts and among these facts essential to be proved was "the assault." "It is a permissible and correct form of charge for the judge to enumerate the acts and conduct constituting all the essentials of the offense charged, and to instruct the jury that, if proved beyond a reasonable doubt, these will be sufficient to authorize a conviction, but that a failure to prove any one of the essentials will require an acquittal." *Collins* v. *State,* 66 *Ga. App.* 325 (18 S. E. 2d, 24). We think that the jury knew, according to the court's instruction, it was necessary in order for them to convict the defendant of assault with intent to rob (the crime charged in the indictment) that "the assault" charged in the indictment must be proved, together with all the other essential elements of assault with intent to rob, the crime charged in the indictment. We therefore do not think the exception discloses reversible error.

■ The excerpt from the charge complained of in ground 2 with reference to the defendant's statement is almost verbatim the same as the excerpt from the charge complained of in division 2 of the opinion in *Eidson* v. *State,* supra. The exceptions to the charge in that case were in effect the same as the complaints here made, and the ruling therein is controlling adversely to the defendant. This ground is not meritorious.

■ The charge excepted to in special ground 3 was in effect in the language of *Lawrence* v. *State,* 68 *Ga.* 289, and *Freeman* v. *State,* 70 *Ga.* 736 (2 *b*). It was a correct statement of the law, and was applicable to the facts of this case. This ground is not meritorious.

■ The evidence for the State authorized a conviction only of

assault with intent to rob as charged in the indictment. The State's evidence showed no assault other than the assault with intent to rob with a shotgun, and the simple assault lost its identity and was merged into the greater crime of assault with intent to rob. *Rivers* v. *State,* 46 *Ga. App.* 778, 781 (169 S. E. 260); *Gaither* v. *State,* 63 *Ga. App.* 414, 416 (11 S. E. 2d, 254). The theory that the defendant could have been found guilty of a simple assault and that the judge should have charged thereon was sustained only by the defendant's statement to the jury and without a proper request the judge did not commit reversible error in failing to charge on the law of assault. *Murphy* v. *State,* 118 *Ga.* 780 (2) (45 S. E. 609); *Hilburn* v. *State,* 57 *Ga. App.* 854 (2) (197 S. E. 73); *Watson* v. *State,* 136 *Ga.* 236, 239 (5); *Thomas* v. *State,* 181 *Ga.* 422 (182 S. E. 501).

■ A defendant is entitled to a concrete application of the law to the peculiar facts of the case, if he presents a timely written request to charge; but he is not entitled to have a request given in charge unless it is itself correct and perfect. *Tanner* v. *State,* 161 *Ga.* 193, 198 (130 S. E. 64); *Jones* v. *State,* 46 *Ga. App.* 679, 682 (169 S. E. 46), and cit.; *Evans* v. *Caldwell,* 52 *Ga. App.* 486 (184 S. E. 440); *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (10), 223 (80 S. E. 36). In the instant case, the requests to charge set out in grounds 8, 9 and 10 were objectionable for two reasons: first, they seemed to assume the fact that the defendant was not seeking to compel the alleged victim, by force or intimidation, to return the property or pay therefor, whereas, under the evidence and the defendant's statement the question of the use of force or intimidation, or the absence thereof, was an issue that should have been submitted to the jury; second, they were erroneous statements of the law, because, with such an issue thus formed, the fact alone that the defendant was seeking to take back the property or collect the debt would not authorize him to do so without it appearing, for instance, he was not seeking to compel the victim, by force or intimidation with a shotgun, to return the property or pay therefor. In short, the requests to charge embraced but a part of the issue as to whether the defendant undertook to collect the debt, or take back his property, and was objectionable. See *Moyers* v. *State,* 186 *Ga.* 446 (197 S. E. 846); *Moyers* v. *State,* 61 *Ga. App.* 332 (6 S. E. 2d, 438). The judge therefore did not err in refusing the

requests to charge referred to in these grounds, and no reversible error is disclosed. *Allen* v. *State,* 28 *Ga.* 395 (2) (73 Am. D. 730) ; *Southern Ry. Co.* v. *Wilcox,* 59 *Ga. App.* 785, 791 (2 S. E. 2d, 225) ; *Long* v. *State,* 12 *Ga.* 293, 323 (16).

■ The defendant contends in ground 11 that there was no evidence that W. N. Rudisill, at the time and place named in the indictment, had in his possession, custody or control any money, and therefore, he could not have been robbed. An assault with intent to rob a person of his money may be committed though the person assaulted may not have in his pocket, or on his person, the money at the time and place the crime is attempted. State *v.* Wilson, 30 Conn. 500; People *v.* Moran, 123 N. Y. 254, 259 (25 N. E. 412, 10 L. R. A. 109, 20 Am. St. R. 732) ; Hamilton *v.* State, 36 Ind. 280 (10 Am. R. 22) ; 54 C. J. 1090, § 218; People *v.* Jones, 46 Mich. 441 (9 N. W. 486) ; Clark *v.* State, 86 Tenn. 511 (8 S. W. 145) ; State *v.* Beal, 27 Ohio St. 108. This ruling seems to be the rule followed by a majority of the States and is now approved by this court. See in this connection *DeKrasner* v. *State,* 54 *Ga. App.* 41 (3), 43 (187 S. E. 402). This ground is therefore not meritorious.

■ When the entire charge on the subject of flight is read and considered, no reversible error appears, as is contended by the defendant in ground 12. *Brooks* v. *State,* 63 *Ga. App.* 575, 580 (11 S. E. 2d, 688).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*