## 40070. GADDIS v. THE STATE.

DECIDED APRIL 22, 1963.

*Pittman & Crowe, C. C. Pittman*, for plaintiff in error.
*Tom Pope, Solicitor General*, contra.

NICHOLS, Presiding Judge. 1. The defendant's amended motion for new trial assigns error on the court's failure to charge on assault and battery, it being the defendant's contention that the lesser crime was included in the greater (assault with intent to rob).

The evidence adduced on the trial of the case showed that the defendant and two others, the co-indictees, went to the service station in question together and while there one of the defendant's co-indictees struck the attendant on the head with a tire tool. According to one of the co-indictees, it was the plan for one of the three to attract the attendant's attention while another struck the blow on his head, while the other co-indictee testified that no such plan was made and that he did not know why he struck the attendant with the tire tool, and that there was no preconceived plan to rob any place where anyone was present although they had planned to burglarize stores where no one was present and where they would not have to hurt anyone. The defendant, in his statement, described the events that took place, but made no reference to any plans to rob or burglarize any place of business.

This evidence authorized a verdict of guilty of the offense of assault with intent to rob, or had the jury disbelieved the evidence supporting the State's contention and believed the defendant's version of the events leading up to the co-indictee's striking the service station attendant, a verdict of not guilty would have been authorized. As was said in *Alexander v. State,* 66 Ga. App. 708, 712 (19 SE2d 353): "The evidence for the State authorized a conviction only of assault with intent to rob as charged in the indictment. The State's evidence showed no assault other than the assault with intent to rob with a shotgun, and the simple assault lost its identity and was merged into the greater crime of assault with intent to rob. *Rivers v. State,* 46 Ga. App. 778, 781 (169 SE 260); *Gaither v. State,* 63 Ga. App. 414, 416 (11 SE2d 254)." See also *Stone v. State,* 78 Ga. App. 555 (1) (51 SE2d 578); and *Jordan v. State,* 78 Ga. App. 879 (2) (52 SE2d 505). Accordingly, the trial court did not err in failing to charge on the lesser offense, and under such circumstances the charge complained of in special ground 4 did not express an opinion in violation of *Code* § 81-1104 for such charge merely limited the jury to the one issue presented by the indictment and evidence, to wit: was the defendant guilty of assault with intent to rob.

2. Error is assigned because the trial court erred in failing

to charge that before the defendant could be convicted of an attempted robbery it must appear that property was attempted to be taken from the prosecutor with intent to steal. In the case of *Martin v. State*, 77 Ga. App. 297, 301 (48 SE2d 485), it was said: "It was not necessary to allege or prove in such an indictment [assault with intent to rob] . . . that a demand for money was made. It was only necessary to prove, under the indictment, that the attack was made with 'any offensive or dangerous weapon or instrument *with intent to commit robbery.'*" In the present case it was undisputed that an assault was made by one other than the defendant on trial and the finding that such assault was made with intent to rob was shown by the evidence of the conspiracy entered into by the three indictees together with the overt act committed by the co-indictee of the defendant. It was not necessary to prove or to charge that the overt act must consist of an attempt to take property from the prosecutor. In this case as in the *Martin* case, supra, the robbery was aborted after the assault and before the three indictees had an opportunity to complete the attempted robbery of the prosecutor by taking property from him. The trial court did not err in failing to charge as contended for by the defendant.

3. The remaining special ground, a mere amplification of the usual general grounds, will be considered in conjunction with the usual general grounds of the motion for new trial.

As shown above the defendant was guilty of assault with intent to rob or was not guilty of any crime and the evidence adduced authorized a verdict of guilty. The defendant's remaining contention, that the State failed to prove that the weapon used to strike the prosecutor on the head was a dangerous weapon or when used as alleged was such a weapon, is without merit. The weapon, a tire tool, was introduced in evidence without objection and there was testimony as to the wound produced when the service station attendant, the prosecutor, was struck with such weapon. In *Banks v. State*, 192 Ga. 181, 185 (15 SE2d 190), it was said: "An instrument may be shown to be a weapon likely to produce death by direct proof as to the character of the weapon, by an exhibition of it to the jury, by evidence as to the nature of the wound, or other

evidence such as would warrant the jury in finding that the instrument was one calculated to produce death. *Paschal v. State,* 125 Ga. 279, 280 (54 SE 172) ; *Kennedy v. State,* 191 Ga. 22 (11 SE2d 179)." See Also *Wheeler v. State,* 65 Ga. App. 810 (16 SE2d 489) ; and *Merritt v. State,* 19 Ga. App. 616 (1) (91 SE 885), where it was said: "The deadly character of the weapon used in making an assault may be inferred from the nature and effect of the wound inflicted." The evidence authorized the verdict and the trial court did not err in overruling the defendant's motion for new trial as amended.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*