## 44026. TURNER v. THE STATE.

DEEN, Judge. 1. The defendant was indicted for "attempt to commit a violent injury on [a named person], and did unlawfully cut and stab the said female so assaulted, with the intent and purpose then and there to have carnal knowledge of her." There was evidence that the defendant had a knife with which he deliberately cut the victim on the hand and drew blood. Other details of the testimony established that the defendant's acts were motivated by a sexual purpose, but that he left the house after about an hour without actually disrobing and without physically attempting to rape the victim. Whether his intent was to do so is of course a jury question and remained so even though an intent originally formed was abandoned before the attempt was made. *Gragg v. State*, 74 Ga. App. 719, 722 (41 SE2d 274). Yet the evidence does not demand a finding that the assault might not have been made for a lesser purpose, so as to leave the case outside the rule in *Gaddis v. State*, 107 Ga. App. 661, 662 (131 SE2d 126), where the assault loses its identity and is merged in the greater crime. *Barton v. State*, 58 Ga. App. 554 (199 SE 357) holds: "Under an indictment for assault with intent to rape, which so described the manner of the commission of the offense as to contain allegations essential to constitute the lesser offense of assault and battery, where the evidence will consistently support a verdict for either offense, it is reversible error for the trial judge, without request, to fail to charge to the jury the law with reference to the offense of assault and battery." Here a stabbing is alleged in the indictment and is supported by evidence. It was error to fail to charge the jury that they might return a verdict for the lesser offense.

Although no objection was made to the charge as given, the case is reversed under the provisions of *Code Ann.* § 70-207 (c) (Ga. L. 1968, pp. 1072, 1078).

*Judgment reversed. Jordan, P. J., concurs. Pannell, J., concurs specially.*

ARGUED OCTOBER 9, 1968—DECIDED NOVEMBER 12, 1968.

*William Holley,* for appellant.

*Ben F. Smith, Solicitor General, Jordan Prosser,* for appellee.

PANNELL, Judge, concurring specially. I concur in the judgment of reversal, but I cannot concur in the last statement in the opinion, to wit: "Although no objection was made to the charge as given, the case is reversed under the provisions of *Code Ann.* § 70-207 (c) (Ga. L. 1968, pp. 1072, 1078)."

Section 9 of the amendment of 1968 (Ga. L. 1968, pp. 1072, 1078) repealed Section 17 of the Act of 1965 as amended and enacted in lieu thereof a new Section 17 which specifically states: "The provisions of this section shall not apply in criminal cases." Accordingly, the failure to object to the charge as given does not constitute a waiver of the right to enumerate error on a charge, nor does it preclude this court from considering the same unless it can be considered under Paragraph (c) of said section. We may now, in criminal cases, consider an enumeration of error on a charge properly before us whether or not it might constitute a substantial error under Paragraph (c). And since there is in this case a motion for new trial assigning error on the charge, which was overruled, and the overruling of which is enumerated as error, the enumeration of error is properly before us and it is not necessary that we resort to the provision of Paragraph (c), as applied by the Supreme Court in *Tiller v. State,* 224 Ga. 645 (164 SE2d 137), in order to be able to pass upon the enumeration of error. My prime reason for this special concurrence is that the majority opinion might lead readers of this opinion into construing this case as holding that Section 17 (a) of the Appellate Practice Act as re-enacted by the amendment of 1968 applies to criminal cases when, by its express terms, it does not.