### 47578.   SMITH v. THE STATE.

CLARK, Judge. Following a conviction for aggravated assault under Criminal Code of Georgia § 26-1302 for which he received the maximum sentence of 10 years appellant seeks a reversal on the ground that it was incumbent upon the trial court to include in the jury charge without request the lesser offenses of simple assault (Criminal Code of Ga. § 26-1301) and simple battery (Criminal Code of Ga. § 26-1304).

Appellant was also charged with two misdemeanors, name-

ly, carrying a pistol without a license and carrying a concealed weapon. He was found guilty of possessing a pistol without a license and not guilty of the other misdemeanor.

The indictment accused defendant of the felony of aggravated assault "by shooting at and towards her with a pistol, by striking and beating her with his hands and fists, and by kicking her in the stomach with his feet; the said pistol, hands and fists, and feet being deadly weapons when used in the manner which accused used them in said assault." The State's evidence was sufficient to prove this crime as charged.

The accused under oath denied possession of a pistol and asserted that he did not beat the prosecutrix but used only such force as was necessary for self defense.

Appellant's counsel argues that this case falls within the ambit of *Banks v. State,* 227 Ga. 578, 581 (182 SE2d 106); *McDaniel v. State,* 209 Ga. 827 (76 SE2d 500); *Faust v. State,* 208 Ga. 53 (65 SE2d 148); *Peters v. State,* 177 Ga. 772 (171 SE 266); *Watson v. State,* 116 Ga. 607 (43 SE 32); *Bard v. State,* 55 Ga. 319; and *Wilson v. State,* 53 Ga. 205. In all of those cases the rulings were based upon evidence in the record which warranted reference to the lesser offenses. That is not the situation here where the evidence authorized a verdict of guilty for the offense charged or had the jury disbelieved the evidence supporting the State's contention and believed the defendant's version of the defense, a verdict of not guilty would have been authorized. See *Alexander v. State,* 66 Ga. App. 708, 712 (19 SE2d 353); *Stone v. State,* 78 Ga. App. 555 (1) (51 SE2d 578); *Jordan v. State,* 78 Ga. App. 879 (2) (52 SE2d 505). See also *Gaddis v. State,* 107 Ga. App. 661 (131 SE2d 126).

Where, as here, the State's evidence warrants a conviction only on the greater offense or acquittal on the basis of the evidence presented by the accused, there is no error in failing without request to charge a lesser offense. *Craighead v. State,* 126 Ga. App. 300 (190 SE2d 606);

*Hill v. State,* 229 Ga. 307 (191 SE2d 58); *Smith v. State,* 228 Ga. 293 (185 SE2d 381); *Fisher v. State,* 228 Ga. 100 (184 SE2d 156); *Wheeler v. State,* 229 Ga. 617. See also *Watson v. State,* 229 Ga. 573.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*
Submitted October 6, 1972—Decided October 31, 1972.

*Gower & McGuigan, John McGuigan,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, William M. Weller, Morris H. Rosenberg,* for appellee.