*Judgment affirmed.    All the Justices concurring.*

## ST. JOHN *v.* LEYDEN.

1. A petition which in substance alleges that the defendant by " warranty title deed" conveyed to the plaintiff a described city lot, that ten feet of the lot thus described never in fact belonged to defendant, and is in possession of another who is the owner thereof, that a specified sum was the "purchase-money" of this strip of land, and praying for a recovery of this sum, though loosely drawn, is in fact an action for a breach of warranty of title to land.  ·

(a) When, as originally drafted, such a petition claimed as the measure of plaintiff's damages the value of the property to which title failed, it was amendable so as to make the sum claimed as such damages the purchase-price of the property.

(b) The petition in the present case as amended was of the character above indicated, and though there was a general demurrer to the same, yet as it does not appear that the demurrer was sustained, but the case went to trial on the merits, the petition is sufficient to sustain the verdict in plaintiff's favor.

2. That the court in the trial of a case treated as ambiguous, in the matter of description, a deed which was not so, affords no cause of complaint to a party whose contention as to its real meaning was, under a proper construction of the deed, not well founded.

3. In view of the evidence introduced in the present case, the jury were warranted in finding that the deed from the defendant to the plaintiff covered the land for which she contended, and that as to a portion of it the title failed.

4. A ground of a motion for a new trial alleging in general terms that the entire charge of the court is erroneous "in giving to plaintiff's suit two distinct grounds of recovery," specifying them, does not plainly and distinctly point out any error, unless it sets forth, either literally or in substance, the language used by the judge in thus allowing two grounds of recovery.

5. Treating the action as one for a breach of warranty of title to land, it is immaterial whether the court did or did not err in several of the rulings and charges complained of in the motion for a new trial.

6. There was sufficient evidence to warrant the verdict as amended by the order of the judge requiring one item thereof to be written off, and it does not appear that the court erred in denying the motion for a new trial.

Argued June 9, — Decided July 9, 1900.

Complaint.　Before Judge Lumpkin.　Fulton superior court.
September term, 1899.

*Anderson, Felder & Davis*, for plaintiff in error.
*Reed & Hartsfield*, contra.

LEWIS, J.　Mrs. R. C. Leyden brought her suit in Fulton
superior court against Jacob F. St. John, and his wife, Mrs.
Alice J. St. John.　The substantial allegations in the petition,
in so far as concern the issues involved on the trial, are as fol-
lows: In April, 1896, Jacob F. St. John entered into a contract
with petitioner "to exchange with her his lot on Auburn ave-
nue in the city of Atlanta in land lot 51 of the 14th district of
said county and State, fronting 55 feet on the south side of Au-
burn avenue and running back 179 feet along a 20-ft. alley
which lies east of said lot, subject to a loan deed of $2,500.00."
In accordance with this agreement St. John executed to her
his warranty title deed to said property on April 30, 1896,
which was duly recorded May 6, 1896, the consideration named
in the deed being $5,000.　In exchange for this property, pe-
titioner executed to said St. John her warranty deed to 10
acres of land in land lot 176 in the 14th district of Fulton
county, the consideration of that deed being $4,000.　St. John
gave to petitioner also five shares, of the par value of $100, of
the capital stock of the Georgia Tile & Artificial Stone Com-
pany.　Petitioner further charged that, in delivering the Au-
burn avenue lot to her, St. John represented and pointed out
the·lines of said lot as extending west from the corner of a 20-ft.
alley, 55 feet along Auburn avenue, to the middle of the third
row of small tenement-houses situated on said lot and the lot
next adjoining it on the west, and running back 179 feet, of
uniform width with front.　Since receiving the deed to this
land, she ascertained that St. John misrepresented to her the
number of front feet he owned in the lot conveyed to her; that
the western line of the lot, instead of extending to the place
pointed out, was in fact ten feet east of said point, and that the ten
feet, extending the full length of the lot sold, was never owned
by St. John, but was owned by another party, thus making peti-
tioner's actual frontage on Auburn avenue from said alley 45 in-
stead of 55 feet, as bargained for.　She then demanded of St. John

that he make good the missing ten feet, or its value. He replied that if she would have the lot surveyed and establish the lines, he would make good his error. She accordingly had such survey made, the result of which confirmed petitioner's belief that the lot sold her by St. John extended only 45 feet from the 20-ft. alley instead of 55 feet; but St. John, when his attention was called to this, failed and refused to make good the ten feet, or to pay the value thereof. Petitioner prayed for a general judgment against St. John for $1,100, alleged to be the value of the missing feet from the Auburn avenue lot. The court allowed an amendment to this petition, to the effect that the purchase-money for the ten feet in question paid by petitioner was $1,100. Petitioner further alleged that, on account of defect in the title to this portion of the land, it would require her to move some houses at a cost of $300, for which she claimed damages. She also alleged that St. John represented to her the solvency of the company in which she held the stock paid her by him, whereas the company was totally insolvent and the stock worthless; and that the lot, or some portion thereof, she conveyed to St. John had been by him conveyed to his wife; that he was insolvent, and this conveyance was made to prevent her recovering from him in this cause of action. It appears, however, from the record that all these claims seeking recovery, except the loss growing out of the breach of warranty, were abandoned, and the evidence was confined to the issue as to whether there was a breach of the warranty in the deed, and, if so, the extent of the damage sustained by petitioner in consequence of such breach.

In answer to the charges in the petition which related to a breach of the warranty in the deed as to the ten feet, the defendant denied that he misrepresented to petitioner the number of front feet conveyed to her, and averred that petitioner not only had title, but also the actual use and occupation of the 55-ft. lot conveyed to her by him. The answer further joins issue with the allegations in the petition with reference to the other causes of complaint therein set forth; but as these were abandoned, as above indicated, it is unnecessary to set forth the replies thereto made by the defendant in the pleadings. The jury returned a verdict for the plaintiff for $500 principal,

$103.07 interest to date, and $54 damages to building. Defendant below made a motion for a new trial, which was overruled after petitioner's counsel, under direction of the court, had written off the finding of $54 damages. On the judgment of the court overruling the motion error is assigned.

1. It is contended by counsel for plaintiff in error that plaintiff's original petition was based solely upon a fraudulent misrepresentation made by the defendant to petitioner, and that, there being no evidence whatever to sustain the action on such a basis, the verdict was contrary to the evidence. It is further urged that the court erred in allowing the amendment, asserting that the judgment prayed for of $1,100 was the amount of the purchase-money paid for that portion, ten feet in width, of the land to which the defendant had no title; it being contended that this added a new cause of action to the petition. We do not think there is anything whatever in this contention. The original petition, fairly construed, clearly sought a recovery for damages sustained by petitioner on account of a breach of warranty in the deed, and the fact that the damages in this original petition were alleged to be the value of that portion of the land which was alleged to have been included in the purchase-price by petitioner did not affect the allegations touching the breach of the warranty, but was only inaccurate in stating a wrong measure of the damages for such breach. We think it was, therefore, clearly amendable so as to make the same claim as such damages the purchase-price of the property. It is true this original petition was loosely drawn, and was perhaps defective on account of the dual nature of the case. As the judge stated in his order overruling the motion: "It is quite possible that as such it was demurrable for duplicity or misjoinder of actions; but no such demurrer was made, nor any motion based on this or like grounds." There is no question about the original petition containing elements of a suit for a breach of warranty; and the amendment, therefore, added no new cause of action, but simply an allegation that the $1,100 sought to be recovered was the purchase-money of the land missing. While there are some allegations in the original petition which partake of the nature of an action for deceit and of tort, on the trial these seem to have been abandoned, and, as the judge

stated in his order overruling the motion, "as an action for breach of warranty it contains every necessary element, sale, warranty, partial breach by lack of land, and loss of the value or purchase-money." We conclude that the petition as amended was properly treated as an action for a breach of warranty, and the record shows that the case went to trial on the issue as to whether such breach had occurred, and, if so, the extent of the damages caused thereby. The verdict of the jury for $500 and interest was sustainable under the pleadings. The finding by the jury of $54 damages has resulted in no injury whatever to the defendant below, for the reason that that portion of the verdict has, under the direction of the court, been written off by petitioner's counsel.

2. In one of the grounds in the motion for a new trial it is alleged that the court erred in charging as follows: "Under the terms of this deed [referring to the deed from defendant to plaintiff], and what is stated in it, and the references made in it, the court deems it proper to submit to the jury the question as to what was in fact the land covered and conveyed and warranted by this deed; whether it was the land lying west of the alley and exclusive of the alley, or whether it was the land extending from the center of the alley westward, and including half of the alley," movant adding that "the evidence being clear and conclusive that the deed from defendant to plaintiff did not take in the ten feet in controversy." In a note to this ground the court stated that this "statement that the evidence was clear and conclusive is defendant's contention." The deed which plaintiff below introduced in evidence contained the following description of the land, title to which was therein warranted by defendant to the plaintiff: "part of land lot 51 in the 14th district of originally Henry, now Fulton county, Georgia, and known and distinguished as the east half of city lot 126, fronting 55 feet on the south side of formerly Wheat, now Auburn avenue, and running back south a uniform width 176 feet to north line of Mrs. T. W. Hubner's line along a 20-foot alley, with perpetual and joint use of said alley, which lies east of the lot herein conveyed, this being the same property conveyed by Charles W. Hubner to said Jacob F. St. John by deed recorded in Book 109, folio 230, of Fulton county records, Au-

gust 22, A. D. 1895."  An examination of the deed from Charles
W. Hubner to St. John, which is referred to in the deed from
the latter to Mrs. Leyden, will show that the lot in question,
as described in the Hubner deed, really commenced on the side
of the alley, and not in the center of it.  In the light of the
description of the land in the deed from St. John to Mrs. Ley-
den, we can not possibly see how it was claimed by movant in
his motion for a new trial that the evidence was clear and con-
clusive that the deed from defendant to plaintiff did not take in
the ten feet in controversy.  To our minds the descriptive words
used in the deed tend much more strongly to sustain the con-
tention of the defendant in error as to the exact lot which she
purchased, and which plaintiff in error intended to convey to her.
The contention of the defendant below on the trial was that he
intended to convey, and did by his deed convey 55 feet front-
ing on Auburn avenue by a line commencing in the middle of
an alley 20 feet wide.  This contention was supported only by
parol testimony ; but there is really nothing in his deed which
in the least indicates that he intended to convey land from
the center of the alley, thus embracing ten feet of that alley in
his frontage of 55 feet.  On the contrary, the deed expressly
declares that the line bounding the lot conveyed, instead of run-
ning along the center of the alley, runs "along a 20-foot alley,"
and further specifies that this alley "lies east of the lot herein
conveyed," and not simply that half of the alley lies east of
the lot.  We do not think there was any ambiguity whatever
in this description in the deed, relatively to the question as to
whether the line on Auburn avenue was to commence in the
center of the alley or on the edge of the alley.  The language
clearly indicates to our minds that this line on Auburn avenue
should be exclusive of any portion of the alley.  Construing
the deed, therefore, as ambiguous in its description we think
was giving the defendant every advantage he could possibly
ask for under the terms of his conveyance.  He was also allowed
to introduce parol testimony that the property he owned really
commenced in the center of the alley, and that 55 feet from
the center of the alley would not encroach upon the land of an-
other.  We think the court committed no error against St. John

in giving the instruction complained of in the above-stated ground.

3. Even viewing this case in the light of the parol evidence introduced, we think unquestionably the jury were warranted in finding that the deed from defendant to plaintiff covered the land for which she contended, and that as to a portion of it the title failed. As to the ten feet in controversy, it was on the trial practically conceded that the defendant claimed no title whatever thereto. It was virtually admitted that another party, by twenty years prescriptive possession, had paramount title to this strip of land. It is true the defendant introduced some evidence tending to show that the title of his grantor embraced one half of the alley, but there was nothing in his deed from which this fact necessarily appeared, and what title he had to half of the alley was established purely by parol. But the question is, what did he intend to convey to his grantee in this case? There was testimony in behalf of plaintiff below, to the effect that about the time, or soon after the execution of this deed, defendant pointed out the land-line to the plaintiff's son, and located it exactly where plaintiff contends the deed designates it. There is a ground in the motion for a new trial objecting to this testimony of the son, for the reason that plaintiff was not present when this representation was made; but it appears from the record of the evidence that, while she was not in their immediate presence during the location of the line, she was near enough to hear the remarks he made about where it terminated. After this it seems that the attention of defendant was by plaintiff called to the adverse claim of the party who had paramount title to the ten feet of land in dispute, and that he requested her to have it surveyed, and stated if there was any deficiency of his title in the land covered by his deed he would rectify it. Defendant also afterwards wrote a letter in which he seemed to recognize his mistake in locating the line where he did. All this testimony was objected to in several grounds of the motion for a new trial, upon the theory that they were representations made by the defendant after the execution of the deed to the plaintiff, and, therefore, she could not have acted upon these representations in making the purchase. Counsel, however, seem to lose sight of the fact that

this trial had been reduced down to an issue touching a breach of warranty as to the particular land in controversy, and that these statements and conversations of defendant were clearly admissible in evidence, not as a misrepresentation upon which his grantee had acted in the contract of purchase, but as admissions that, under his deed to her and in his transactions had with her touching a sale of the land, he intended to convey and thought he was conveying the identical lot of land claimed by her to be described in the deed, and contended for in this suit.

In several grounds of the motion for a new trial, particularly the ninth and tenth, complaint is made of the charge of the court with reference to the conduct of defendant in pointing out the line after the trade had closed. Among the instructions of the court on this subject excepted to is one to the effect that "if, after the trade was closed and after both parties had conveyed titles respectively to each other, the defendant then undertook to point out the lines of the Auburn avenue lot, and did so erroneously, but there was no consideration for doing so, and this was not a part of the making of the trade, then this would not furnish a ground for recovery by the plaintiff of this cause of complaint." It is alleged in the motion that this charge suggested to the jury that they might find that pointing out the line, after both parties had conveyed titles to each other, was a part of making the trade. Instead of the charge containing any such suggestion, it was exactly the opposite, and operated beneficially to the defendant instead of to the plaintiff.

In the tenth ground of the motion another charge on this subject excepted to was to the effect that the evidence as to whether there was a pointing out of the line after the trade was made and concluded might be considered by the jury as to whether there were admissions by the defendant as to what he claimed the line to be, or as to whether he had located it erroneously; and that so far as this throws any light upon the question at issue between the parties, it is admissible, and may be considered along with the other evidence in the case; but, as representations, if made after the trade had been closed, and not acted upon, they would not amount to a warranty, or furnish ground of recovery, if made without a new consideration. This was a correct view of the law. As above seen, the sayings

and conduct of the defendant after the trade were unquestionably admissible in evidence as an admission against his contention on the trial.   We therefore conclude that, in view of the evidence introduced in the present case, the jury were warranted in finding that the deed from defendant to plaintiff covered the land for which she contended, and that, as to a portion of it, the title failed.

4. Another ground in the motion complains of the charge of the court as a whole, in giving to the plaintiff's suit two distinct grounds of recovery, either fraudulent misrepresentations or breach of warranty, when the suit itself was on the sole ground of misrepresentation.   The judge below, in the order overruling the motion, states that the only grounds which present any serious question to his mind are those touching the dual nature of the case and the charge accordingly.   He recognizes that, as the case began, certain equitable features were involved, but these were removed or abandoned, leaving the case a legal one against St. John alone; that it is possible that as such it was demurrable for duplicity or misjoinder of actions, but no such demurrer was made, or any motion based on that ground. In the first place, the ground in the motion above referred to attacks in general terms simply the entire charge of the court as being erroneous, in giving to plaintiff's suit two distinct grounds of recovery; but this ground should not be considered, for the reason that it does not plainly or distinctly point out any error in any one of these charges.   It should have set forth, literally or in substance, the language used by the judge in thus improperly allowing two grounds of recovery.   Besides this, the judge, in overruling the motion says that on this last trial defendant's counsel presented several requests more especially applicable to an action of deceit; for example, that the representations must have been made before the trade was closed, unless upon a new consideration, and that if each had equal opportunities for knowing, etc., there could be no recovery, etc. He gave some of these in charge either literally or substantially, and this necessitated a further charge on that subject, which he gave.   It perhaps was error to charge on this view of the case at all, but, if so, it was error of which the defendant can not

well complain, as it seems from the judge's order that he introduced that element into the charge by request.

5. But in the view we take of this case we think it was really immaterial as to whether the court did or did not err in several of the rulings and charges complained of in the motion, bearing upon an action of deceit; for this cause of action set forth was abandoned, the evidence did not cover the issue, and what plaintiff finally sought to recover was only for damages for breach of warranty in the deed. The verdict too, in the light of the testimony before the jury, clearly indicates that the portion thereof which was allowed to stand by the judge below was for the value of the land embraced in the defendant's deed to plaintiff, to which he had no title. Counsel for plaintiff below contends in his argument that the verdict was not large enough, estimating the value of the lot purchased by her by the consideration of $5,000 mentioned in the deed, and that the verdict ought to have been several hundred dollars larger than the jury found. There was some evidence, however, in behalf of defendant below that this ten feet running the full length of the lot embraced in her deed was worth $50 a front foot, and the jury evidently based their verdict upon this testimony as to the present value of that strip of land. If there was any error in this particular, it was in favor of the defendant. There is no proof tending to show that the damages could have been less than $500; but as no exceptions were filed by the plaintiff, there was, of course, no error in refusing a new trial.

6. We think the evidence was amply sufficient to warrant the verdict as amended by the order of the judge requiring one item thereof to be written off. We note from the record, the fact being recited in the judgment of the court overruling the motion, that this case has been twice tried, and each time a verdict rendered for the plaintiff. It further appears that the first trial proceeded upon the theory that the action was one for a breach of warranty, and this last trial was evidently based upon the same theory. In view of the proper construction to be placed upon the pleadings and the evidence introduced upon the trial, as above indicated, we think the court did right in denying the motion for a new trial. We have not made special reference to all the grounds in the motion. Those herein referred

11

to and considered embrace the controlling issues of this case, and we deem it entirely unimportant to discuss the other grounds.

*Judgment affirmed. All the Justices concurring.*