### 10870.   HOWARD *v.* THE STATE.

BLOODWORTH, J.  1. When considered in connection with all the facts of the case and in the light of the remainder of the charge of the court, the excerpts from the charge of which complaint is made contain no error that would demand the grant of a new trial.

2. In the motion for a new trial it is alleged that "the court erred in not defining to the jury what would be involuntary manslaughter in the commission of a lawful act without due caution and circumspection." The judge charged the section of the code covering this grade of homicide, and otherwise charged correctly on this subject, and if a fuller charge was desired it should have been requested by a legal and timely written request as required by law, and the failure of the judge to define specifically this grade of homicide is not cause for new trial, in the absence of such a request. See, in this connection, *Pickens* v. *State,* 132 *Ga.* 46, 47 (63 S. E. 783), and cit.

3. There is no merit in ground 5 of the amendment to the motion for a new trial.
4. While there may have been a slight inaccuracy in the charge in stating the contention of the defendant (as complained of in ground 6 of the motion for a new trial), yet when the charge is viewed in its entirety this error is not of sufficient gravity to require a reversal. "Mere inaccuracies of expression or slight errors which are not likely to obscure the meaning of the court or mislead the jury will not authorize this court to set aside a verdict where the charge is otherwise comprehensive and correct." Moreover, when the judge, after completing his charge, inquired of counsel (as shown by the record) if they desired any further instructions given, counsel for the defendant should have called the court's attention to the fact that the charge did not actually state all of the defendant's contentions.
5. There is ample evidence to support the verdict.

> *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
> DECIDED JUNE 16, 1920.

(Certiorari was granted by the Supreme Court.)

Indictment for murder; from DeKalb superior court — Judge Smith. August 21, 1919.

For the killing of a child by an automobile, David Howard was indicted for murder and was found guilty of involuntary manslaughter in the commission of an unlawful act. The child was killed in a public street of the town of Kirkwood, and according to some of the testimony the automobile was being driven by the defendant at a high rate of speed and in excess of 30 miles an hour, and ran a considerable distance after it struck the child, and no signal of approach was given by the blowing of a horn or otherwise. It was also testified that the speed was moderate and not more than 12 or 15 miles an hour, that the horn was blown as the child ran into the street, that every effort was made to avoid injury, and that the automobile was stopped within a few feet after striking the child.

1. On the trial it was contended on the part of the defendant that if the speed was not greater than 30 miles an hour he could not be convicted of manslaughter in the commission of an unlawful act; and in the motion for a new trial it is contended that the court erred in giving in charge to the jury certain parts of section 10 of the motor-vehicle act of 1915 (Ga. L. Ex. Sess. 1915, p. 112), because those parts of the statute are too general and indefinite to be understood, and are void for uncertainty. In support of this contention *Hayes* v. *State*, 11 *Ga. App.* 371 (4), and

*Empire Life Insurance Co.* v. *Allen,* 141 *Ga.* 415 (1), are cited by counsel in their brief in this court. The provisions referred to are set out in special grounds 1 and 2 of the motion, as follows: (1) "No person shall operate a motor-vehicle or motorcycle upon any public street or highway at a speed greater than is reasonable and safe, not to exceed 30 miles per hour, having due regard for the width, grade, character, traffic and common use of such street or highway; or so as to endanger life, limb or property in any respect whatever." This it is contended is too general and indefinite except as to the provision limiting speed to 30 miles an hour. (2) "Upon approaching or passing any person walking in the roadway, traveling any public street or highway, or any horse or other draft animal being led, ridden or driven thereon, or upon any bridge or crossing at an intersection of public streets or highways, the operator of a motor-vehicle or motorcycle shall at all times have the same under immediate control."

In the 3d special ground of the motion for a new trial it is complained that the judge, after giving to the jury in his charge the form of verdict to be rendered if they should find the accused guilty of involuntary manslaughter in the commission of an unlawful act, added: "Get the wording of these particular verdicts, gentlemen." It is contended that this was error because it was calculated to impress the jury that the judge thought that this form of verdict was the one that should be returned.

3. In ground 5 it is alleged that the court erred in not charging the jury in accordance with the contention of the defendant's counsel that they must determine that the speed was in excess of 30 miles an hour, before they could find that the defendant was guilty of an unlawful act in operating the automobile at a rate of speed greater than was lawful.

4. In ground 6 it is complained that in charging the jury the judge omitted from his statement of the defendant's contentions, as to efforts to avoid striking the child, the contention that the defendant applied the brakes of the automobile as soon as he saw that the child was running toward the portion of the street in front of the automobile.

*Branch & Howard, W. F. Buchanan,* for plaintiff in error.
*George M. Napier, solicitor-general,* contra.