## 32137. STONE *v*. THE STATE.

Decided February 5, 1949.

*M. G. Hicks,* for plaintiff in error.

*Hal C. Hutchens, Solicitor-General, W. A. Foster Jr.,* contra.

MacIntyre, P. J. Donald A. Stone was indicted for involuntary manslaughter in the commission of an unlawful act. The material parts of the indictment were that the defendant did "kill one Albert B. Goldsmith . . without intention to so do, but in the commission of an unlawful act, to wit: while operating a certain 1948 model one and one-half ton truck on the public road in [Polk] County . . while being then and there under the influence of intoxicating liquors and while driving said truck on accused's left side of said road the same being the wrong side while accused was then and there meeting a certain 1947 Chevrolet coach traveling in an opposite direction from said truck, occupied by Albert B. Goldsmith."

. ■ The defendant assigned the following portion of the charge of the court as error: "Involuntary manslaughter shall consist in the killing of a human being without intention to do so, but in the commission of an unlawful act. It is charged in the indictment that the defendant was driving the car described in the indictment and that he was driving while under the influence of liquors, and while driving said truck on accused's left-hand side of said road the same being the wrong side while he was then and there meeting a certain 1947 Chevrolet coupe. The statute provides that involuntary manslaughter, the definition of which I have just read to you, in the commission of an unlawful act shall be punished by confinement and labor in the penitentiary

for not less than one nor longer than three years. Involuntary manslaughter is the intentional commission of an unlawful act or acts and the killing of a human being as the proximate result of such unlawful act or acts, without an intent to kill. Now the statute says, gentlemen, no person shall operate a motor vehicle or motorcycle upon any public street or highway, whether as owner or operator of such vehicle, while under the influence of intoxicating liquors or drugs. Now, with reference to the charge as made against the defendant about operating on the wrong side of the highway, the statute provides that an operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center of the highway so as to pass without interference." The defendant objected to this portion of the charge on the ground that involuntary manslaughter as set out in Code § 26-1009 embraces the words: "In the commission of an unlawful act or a lawful act," using the two terms, "lawful" and "unlawful," conjunctively; and, therefore, cannot be separated legally in charging the jury on the law of involuntary manslaughter; and he further objects to the charge on the ground that the evidence authorized a verdict of involuntary manslaughter in the commission of a lawful act in an unlawful manner and that the court did not charge the jury on this lower grade of manslaughter. While it is true that under this indictment, if the evidence authorized it, the defendant could have been found guilty of either grade of involuntary manslaughter, in the instant case, the only acts which the jury were authorized to find to be the proximate cause of the death of the deceased were the unlawful acts of the defendant in driving the truck on the wrong side of the road and driving it while under the influence of intoxicants, both of which are violations of the motor-vehicle statute. *Alexander* v. *State,* 66 *Ga. App.* 708, 713 (19 S. E. 2d, 353); *Gaither* v. *State,* 63 *Ga. App.* 414, 416 (11 S. E. 2d, 254); *Kimball* v. *State,* 63 *Ga. App.* 183, 190 (10 S. E. 2d, 240). Hence, the court did not err in failing to charge on involuntary manslaughter in the commission of a lawful act in an unlawful manner. Our statute defines the higher grade of involuntary manslaughter generally as consisting of: "the killing of a human being without any intention to do so, but in the commission of an unlawful act." " 'It has been held that the judge

need not confine himself to the abstract, but may instruct the jury with reference to the concrete.'" *Martin* v. *State*, 57 *Ga. App.* 346 (195 S. E. 313). The court charged the jury in the language of the statute and thereafter in his charge enumerated the acts and conduct constituting all the essentials involved in involuntary manslaughter in the commission of an unlawful act and instructed the jury that if these be established by proof, such acts and conduct would be sufficient to authorize the conclusion that the defendant was guilty of involuntary manslaughter in the commission of an unlawful act. *Martin* v. *State*, supra. This was permissible. There was no request to charge and this ground of the motion for a new trial is without merit.

■ Special ground 2 of the motion for a new trial contends that the court erred in not charging the jury that it had the right to recommend a misdemeanor punishment if it convicted the defendant of any of the grades of involuntary manslaughter. Since we are of the opinion that under the indictment the evidence authorized a verdict of involuntary manslaughter in the commission of an unlawful act only, and the jury having so found, the question of whether the court should have charged upon the right of the jury to recommend punishment as for a misdemeanor if the defendant were found guilty of involuntary manslaughter in the commission of a lawful act in an unlawful manner, is immaterial in this case and requires no answer. Involuntary manslaughter in the commission of an unlawful act is not one of the felonies which can be punished as for a misdemeanor upon the recommendation of the jury. Code, § 27-2501; *Hayes* v. *State*, 11 *Ga. App.* 371, 372 (8) (75 S. E. 523).

■ It appears from the evidence that on the day of the collision which resulted in the death of Albert B. Goldsmith, Goldsmith was driving a Chevrolet automobile on the right-hand side of the highway in the direction in which he was traveling and approaching the point of the collision from the opposite direction from that of the truck which was occupied by the defendant, Albert Stewart, and L. E. Adams, the owner of the truck. There was some conflict in the evidence whether Stewart or the defendant was driving the truck at the time of the collision. Both Stewart and Adams testified that the defendant was driving at that point. The evidence is uncontroverted that all three

558

occupants of the truck were under the influence of intoxicants at that time. The only conflict on that score was merely one of the degree of intoxication. Other witnesses for the State testified that they had seen the truck just prior to the accident driven promiscuously on the wrong side of the road and that they had been or that they had seen others driven off or almost off the highway on their sides of the highway by the truck. One witness, who was an eye witness to the collision, testified that she had been following behind the truck just prior to the collision and that it had been weaving back and forth from one side of the highway to the other so that it was impossible for her to get past it and that upon the approach of the automobile, driven by Goldsmith, from the opposite direction, the truck turned from the right-hand side to the left-hand side of the highway and struck the automobile, traveling on its right-hand side of the road, at a point when the automobile was almost off the road. The defendant's statement was to the effect that he had been drinking whisky with Adams and Stewart during the day of the collision and that he had driven the truck around to several places to purchase whisky which he, Adams, and Stewart had drunk, but that he remembered nothing from a time prior to the accident in question, when the three of them had visited some friends engaged in target practice, until some time after the collision in which Goldsmith was killed. We think that this evidence was sufficient to authorize the verdict convicting the defendant of involuntary manslaughter in the commission of an unlawful act.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*