35183.  SHOCKLEY *v.* THE STATE.

DECIDED MAY 31, 1954.

*Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.
*Hope D. Stark, Solicitor-General,* contra.

GARDNER, P. J.   1.   (a) It is a well-settled principle of law in this State that, where an indictment charges involuntary manslaughter while in the commission of an unlawful act only, the defendant cannot be convicted of involuntary manslaughter in

the commission of a lawful act without necessary caution and circumspection. If the allegations of the indictment of the greater offense are sufficiently broad to include the necessary allegations as applied to the lesser offense, the indictment is good. If the evidence is sufficient to support the lesser offense and a verdict is returned by the jury for the lesser offense, such verdict is good. If the allegations of the indictment as to the greater offense are not sufficiently broad to include the lesser offense, a verdict finding the defendant guilty of the lesser offense is not a valid verdict. We have above set forth, in the history of this case, the memorandum opinion of the learned trial judge as well as the indictment, for the purpose of embracing in the opinion the questions to be determined.

(b) We have read the indictment in this case again and again. We find no wordage in the indictment of the greater offense which would include the lesser offense. It will be observed from the indictment that the defendant is charged as follows: (1) with operating the automobile while under the influence of intoxicating liquors; (2) while in such condition, operating his car across the center line of the road; and (3) with operating his car on the left-hand side of the road. All these allegations are violations of penal statutes. In the memorandum opinion the trial court called attention to *Overby* v. *State*, 115 *Ga.* 240 (41 S. E. 609), and *Henson* v. *Scoggins*, 203 *Ga.* 540 (5a) (47 S. E. 2d 643). We will not discuss these cases other than to say that the Supreme Court was not dealing, in either of those cases, with the proposition as to whether or not the allegations of the indictment for the greater offense were sufficient to include the lesser offense. This is in issue here.

We will not deal with the question as to whether or not there is sufficient evidence to sustain the verdict for the lesser offense, since under our construction of the indictment the lesser offense was not set forth therein. Under the allegations of the indictment in the instant case, the verdict of the jury is for that reason unauthorized. Accordingly, we will not discuss the special grounds. We are aware that, in an indictment such as is revealed by this record, the greater and the lesser offenses may be set forth by appropriate pleadings.

The court erred in denying the motion for a new trial for the reasons above set forth.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*