### 35665. GUTHRIE *v.* THE STATE.

TOWNSEND, J. 1. One indicted for involuntary manslaughter in the commission of various specified unlawful acts because of a death resulting from an automobile collision may be convicted, if the evidence so warrants, of involuntary manslaughter in the commission of a lawful act without due caution and circumspection. Where, however, on the trial of an indictment charging involuntary manslaughter in the commission of an unlawful act, the issue of manslaughter in the commission of a lawful act in an unlawful manner is raised neither by the evidence nor by inferences reasonably to be drawn therefrom, the court should not charge upon this lowest grade of involuntary manslaughter. *Stone* v. *State,* 78 *Ga. App.* 555, 556 (51 S. E. 2d 578).

2. Under the evidence for the State on the trial of this case, the automobile in which the deceased was riding was proceeding southward on Moreland Avenue in the City of Atlanta, in second gear and going not more than 20 miles per hour on its right-hand side of the street and to the right of two streetcar tracks in the center of the street, when it was struck with great force by the Mercury automobile driven by the defendant, which automobile had been traveling northward on Moreland

Avenue, had been seen three blocks away going at a speed of 60 miles per hour, and which left skid tracks at the point of impact 39 feet in length. The speed limit at that point is 35 miles per hour, and the defendant's automobile was on the left of the marked center line of traffic at the time of the collision. This evidence would have authorized a conviction of involuntary manslaughter in the commission of an unlawful act. On the other hand, all of the evidence for the defendant, and the defendant's statement, were to the effect that the defendant was operating his automobile at a speed of between 30 and 35 miles per hour, traveling northward on his own side of the road, when he was sideswiped by another automobile, which attempted to pass between his car and the curb, that this automobile hit the right side of his car and caromed him into the lane of south-bound traffic and into the automobile in which the victim was riding, thus causing the injuries resulting in her death, and that he was without fault in the matter. Under no theory of the evidence could the defendant have been culpably negligent in colliding with the other vehicle unless he was at the same time violating the city ordinances relating to speed or right of way or both. Accordingly, it was error for the court to charge, as set out in special ground 7 of the amended motion for new trial, that the jury might under certain circumstances address themselves to the question of whether or not the defendant was guilty of the offense of involuntary manslaughter in the commission of a lawful act, and there was no evidence to support the verdict so finding. For this reason the judgment denying the motion for new trial was error.

3. The movant having admitted that he was the operator of the vehicle in question and that the collision and death occurred, and having based his defense on accident and misfortune, the excerpt from the charge complained of in special ground 4 relating to his contentions was proper, and this ground is without merit.

4. Special ground 5 is insufficient for consideration by this court, as the portions of the charge alleged to have been error are not specified. *St. John* v. *Leyden,* 111 *Ga.* 152 (4) (36 S. E. 610). The remaining special grounds are not passed upon, as they are unlikely to recur.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 20, 1955.

*James R. Venable,* for plaintiff in error.
*Paul Webb, Solicitor-General, C. O. Murphy,* contra.