## 36903. HARDRICK *v.* THE STATE.

TOWNSEND, J. 1. The indictment charged the defendant with involuntary manslaughter in that he, on a named date "did unlawfully use and operate a certain automobile, same being a motor vehicle, upon that certain highway of Bacon County, Georgia, known as U. S. 1, the said accused being then and there under the influence of intoxicating alcoholic beverages, and operating the said machine at a speed of approximately 20 miles per hour; and upon meeting Robert Almond Duke

who was then and there driving a motor vehicle upon said public road and highway, approaching from the opposite direction, the said Tommie Hardrick did then and there fail to turn his vehicle to the right of the center of the said road and highway, so as to pass the said Robert Almond Duke without interference. Said driving was done in such a manner as to be in wilful and wanton disregard of the safety of persons and property in that the said Tommie Hardrick did, while engaged in said unlawful acts, without any intention to do so killed one C. E. Miller, a human being, by driving the said machine against and into a motor vehicle that C. E. Miller was riding in, while upon meeting same." This is an allegation that the defendant drove his automobile against and into a vehicle which he was meeting, driven by Robert Almond Duke, and in which the deceased, C. E. Miller, was riding. The indictment is accordingly not subject to special demurrer on the ground that it does not show in what automobile C. E. Miller was riding. Nor is it subject to objection in charging the defendant with driving in wilful and wanton disregard of the safety of persons and property. Code § 26-1009 specifically removes from the crime of involuntary manslaughter the element of intent to kill, but not the intent to do the act from which the death resulted. What constitutes criminal negligence under the involuntary manslaughter statute is discussed in *Geele* v. *State,* 203 *Ga.* 369, 375 (47 S. E. 2d 283), where it is defined as reckless conduct, such as shows an indifference to the injurious results of the negligent acts, an indifference to the safety of others, and lack of consideration for their welfare. Wanton conduct is generally characterized as being "such as to evidence a wilful intention to inflict the injury, or else . . . so reckless or so charged with indifference to the consequences . . . as to justify the jury in finding a wantonness equivalent in spirit to actual intent." See *Arrington* v. *Trammell,* 83 *Ga. App.* 107, 110 (62 S. E. 2d 451). Such is that criminal negligence which is the subject matter of this Code section. The indictment was not subject to the demurrers interposed.

2. It is error to charge, where the question of whether the defendant was driving a motor vehicle in an intoxicated condition is before the jury, that "it is not necessary for the State . . . to show that the accused was drunk, but it is sufficient if the State shows beyond a reasonable doubt that

the accused . . . was under the influence of some intoxicant as charged to any extent whatsoever, whether he was drunk or not." *Harper* v. *State,* 91 *Ga. App.* 456, 458 (86 S. E. 2d 7). The rule is that he is under the influence "when it appears that it is less safe for such person to operate a motor vehicle than it would be if he were not so affected." Accordingly, special ground 7 of the amended motion for a new trial demands a reversal of this case.

3. The defendant was indicted and convicted on a charge of involuntary manslaughter in the commission of the unlawful act of driving while under the influence of intoxicants. The charge of the court is not subject to the objection that the court eliminated from the jury's consideration the lesser offense of involuntary manslaughter in the commission of a lawful act in an unlawful manner, for the court charged Code § 26-1009 in its entirety, and charged that the latter offense is punishable as a misdemeanor. Since this case is to be tried again, however, it is well to point out that the court omitted to give the jury the form of verdict they would return if they found the defendant was guilty of the misdemeanor of killing another while engaged in a lawful act but without due caution and circumspection, and erroneously charged that the jury, if they found the defendant guilty of involuntary manslaughter (without specifying the grade) might fix the sentence at one to five years and, if they desired, recommend misdemeanor punishment. Involuntary manslaughter in the commission of a lawful act is a misdemeanor in any event, and involuntary manslaughter in the commission of an unlawful act is not a reducible felony. *Stone* v. *State,* 78 *Ga. App.* 555 (51 S. E. 2d 578).

4. "Generally speaking, identity of names is prima facie evidence of identity of persons." *Williams* v. *State,* 62 *Ga. App.* 679 (3) (9 S. E. 2d 697); *Hall* v. *State,* 64 *Ga. App.* 644 (2) (13 S. E. 2d 868); *Foster* v. *State,* 70 *Ga. App.* 305 (3) (28 S. E. 2d 81). It was not error to admit the testimony of a medical doctor that he had treated C. E. Miller for injuries on the night in question and that he was one of six people brought in after an accident, although on cross-examination he stated that he knew the man to be C. E. Miller only by the facts given to him by the injured man, his two sisters and his brother-in-law. A witness may testify as to the identity of another person by showing that he had assumed and

adopted the name in question. 65 C. J. S., 29, Names, § 15; Ingram *v.* Watson, 211 Ala. 410 (100 So. 557). This evidence was accordingly admissible for the purpose of identifying the person treated for injuries by the witness, and who died shortly thereafter.

The remaining assignments of error are without merit.

The trial court erred in denying the motion for new trial as amended.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED NOVEMBER 13, 1957.

*James L. Boatright,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.