37414. HARDRICK *v.* THE STATE.

650

DECIDED NOVEMBER 14, 1958.

*Andrew J. Tuten, J. Laddie Boatright,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.

TOWNSEND, Judge. ■ Under the general grounds the defendant makes the point that one indicted for involuntary manslaughter in the commission of an unlawful act can never be convicted of involuntary manslaughter in the commission of a lawful act in an unlawful manner, citing *Shockley* v. *State,* 90 *Ga. App.* 237 (82 S. E. 2d 735). The statement in that case to such effect is too broad, as shown by the fact that the trial court's opinion which was quoted there with approval cites older cases in which, where the indictment was broad enough to include both offenses and the evidence was sufficient to authorize a conviction of the latter, it was upheld. This rule has also been followed in later cases. See *Croker* v. *State,*

57 *Ga. App.* 895 (5) (197 S. E. 92); *Kelly* v. *State,* 63 *Ga. App.* 231 (10 S. E. 2d 417); *Guthrie* v. *State,* 92 *Ga. App.* 62 (1) (87 S. E. 2d 648). In *Stone* v. *State,* 78 *Ga. App.* 555, 556 (51 S. E. 2d 578), it was stated: "While it is true that under this indictment [involuntary manslaughter in the commission of the unlawful acts of driving under intoxicants and on the wrong side of the road] if the evidence authorized it, the defendant could have been found guilty of either grade of involuntary manslaughter, in the instant case, the only acts which the jury were authorized to find to be the proximate cause of the death of the deceased were the unlawful acts of the defendant in driving the truck on the wrong side of the road and driving it while under the influence of intoxicants, both of which are violations of the motor-vehicle statute" and that accordingly the trial court did not err in failing to charge the lesser grade of involuntary manslaughter. When this case was here before (*Hardrick* v. *State,* 96 *Ga. App.* 670, 101 S. E. 2d 99), counsel for the defendant complained that the trial court did not sufficiently charge the lesser offense of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, and this court held that the court, in charging Code § 26-1009, did charge both offenses, but that, if both were involved, he should have instructed the jury as to the form of verdict to return in the event they found the lesser offense. The court did that upon the second trial. This constitutes the law of this case only to the extent that the evidence on the next trial is the same as on the first trial. In the record now before us, the defendant in his statement said that he was well within the speed limit, that he was not drunk, that the road ahead was clear when he started to pass a truck in front of him which was running 15 or 20 miles per hour; that it developed that there was another truck parked on the right-hand side of the roadway in the road; that, before he could pass both trucks, the automobile in which the deceased was riding approached him at such a high rate of speed that he tried to cut to the left in order to clear the road but did not have time to do so. The jury could have believed from all the evidence and this statement that the defendant was not violating the law when he

entered the left trafffic lane to pass the truck, but that in view of all the circumstances, including the fact that the truck ahead was slowing as it approached the parked truck, of which defendant was unaware and that he did not return to his right traffic lane, the acts of the defendant were, as alleged, so completely in desregard of the safety of others as to amount to criminal negligence. The verdict is thus not invalid under the indictment and evidence in this case. As to its form, this question need not be passed on, since this case is being reversed on other grounds and this particular situation will probably not recur.

■ The special grounds of the motion for new trial deal with error in the admission of hearsay evidence. The indictment here alleged that the defendant failed to turn his automobile to the center of the road "in order to pass one Robert Almond Duke, who was driving another automobile approaching from the opposite direction, without interference." The rule is that in the charging of a criminal offense, an unnecessarily minute description of a necessary fact must be proved as charged, but an unnecessary description of an unnecessary fact need not be proved. *Hall* v. *State*, 120 *Ga*. 142 (47 S. E. 519). Since the indictment here charged the defendant with involuntary manslaughter in the unlawful act of failing to turn to the right on meeting approaching traffic, it was necessary to prove that an automobile was being driven toward the defendant on its right-hand side of the road at the time and place in question. This is material. While the name of the driver of such automobile need not have been alleged in the first instance, it was alleged and became a part of a fact necessary to be proved—that is, that the automobile, driven by the named person, was approaching. The only evidence on this question was that of a police officer not present at the time of the collision who testified that Mr. Duke told him he was driving the other car and the testimony of a doctor at the hospital, also not present at the scene, who testified that Mr. Duke was driving, that Mr. Miller was riding on the front seat with a little child between them; that when Mr. Miller saw the collision impending he threw himself in front of the child and sustained the injuries from which he died. All of these statements were

repetition of what had been told the doctor by persons not present at the trial and out of the hearing of the defendant. The testimony was hearsay and without any probative value as contended in special grounds 2 and 3, and without such evidence, as contended in special ground 1, there was no evidence to support the allegation that Robert Almond Duke was driving the automobile in which the deceased was riding. It was accordingly error to admit the evidence and to deny the motion for new trial on the special grounds.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*