## 38460. MULLENNIX v. THE STATE.

TOWNSEND, Judge. 1. "One indicted for involuntary manslaughter in the commission of various specified unlawful acts because of a death resulting from an automobile collision may be convicted, if the evidence so warrants, of involuntary manslaughter in the commission of a lawful act without due caution and circumspection." *Guthrie v. State,* 92 Ga. App. 62 (1) (87 S. E. 2d 648). See also *Croker v. State,* 57 Ga. App. 895 (197 S. E. 92); *Kelly v. State,* 63 Ga. App. 231 (10 S. E. 2d 417); *Stone v. State,* 78 Ga. App. 555 (51 S. E. 2d 578); *Hardrick v. State,* 98 Ga. App. 649 (106 S. E. 2d 342). It follows that this defendant, on an indictment charging him with manslaughter in the commission of the unlawful acts of operating a motor vehicle while under the influence of intoxicants, exceeding the speed limit, failing to drive on his right half of the roadway, and failing to yield one-half of the roadway to a vehicle approaching from the opposite direction, might be convicted of manslaughter in  the commission of a

lawful act without due caution and circumspection, provided the evidence failed to demand a finding that the defendant was innocent, or that the death of the passenger was the proximate result of an unlawful act on his part but that the act which he did, and which proximately resulted in the death, might have been lawfully done but was nevertheless committed with such utter and reckless lack of care, caution and circumspection as to amount to criminal negligence.

2. We know of no way in which an automobile can be operated by a person while under the influence of intoxicants in a lawful manner, and the same would in most, if not all, cases, be true as to the act of driving a vehicle in excess of the speed limit. It thus remains to be seen whether the other two acts charged, that is, driving on the left of the roadway and failing to yield the right half to a vehicle approaching from the opposite direction in violation of stated city ordinances, are acts which might be done lawfully under certain circumstances, and, if so, whether there is any evidence to sustain the finding that they were nevertheless done in a criminally negligent manner. It is undisputed that the defendant, after rounding a curve on a rainy night, went into the left traffic lane at an intersection and collided head on with an oncoming vehicle. The defendant, however, denied that he was intoxicated, denied that he was exceeding the speed limit, and stated that the reason for the collision was as follows: as he rounded the curve, the oncoming vehicle appeared "not completely on his side of the road, it appearing to me that he was fixing to turn left into the southern section of Lindridge Avenue or swinging out to make the right-hand section of Lindridge Avenue." The defendant contended that this constituted an emergency; that he thought the vehicle was going to turn to its left in front of him; that he turned out to the left to avoid colliding with it and then saw it was not turning to the left, but that, due to the slickness of the road, he was unable to bring his own vehicle back to its right-hand side of the road in time to avoid the collision. In *Croker v. State*, 57 Ga. App. 895, 900, supra, a charge was approved to the effect that "the defendant would be justified in turning to the left of the road in order to avoid a collision where the defendant did not unlawfully bring about the necessity for so doing." The jury here was authorized to believe the defendant's statement that

his intention was to turn to the left to avoid a collision, and yet might have found him not justified because, from his own statement, he was undecided whether the operator of the oncoming vehicle was intending to turn to the right or the left, and as a matter of fact such operator intended to do neither but was proceeding straight down the road. Under such circumstances the sudden turn into the traffic lane of the approaching vehicle, although done for a lawful purpose—that is, to avoid a collision, was yet done so recklessly and with such gross carelessness as to amount to criminal negligence. Under such a state of facts, there was sufficient evidence to support the verdict of guilty of manslaughter in the commission of a lawful act but without due caution and circumspection.

*Judgment affirmed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*

DECIDED SEPTEMBER 14, 1960.

*William Hall,* for plaintiff in error.

*Paul Webb, Solicitor-General, Charles Williams, Eugene L. Tiller,* contra.