38799. JORDAN v. THE STATE.

TOWNSEND, Presiding Judge. 1. Where the order continuing the hearing on the motion for a new trial to a future date recites that movant may have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence, and also recites that if for any reason the motion is not heard on the date fixed, it may be heard at such time and place as counsel may agree, or, on failure to agree, at such time and place as the judge may fix on application of either party with notice to another, it is no ground for dismissing the bill of exceptions in this court that the hearing, first set for November 12, 1960, did not in fact take place until December 22, 1960, and that the brief of evidence was not tendered until the latter date, but was in fact tendered at the time of hearing. *Wilson v. Gundy*, 83 Ga. App. 566 (64 S. E. 2d 292); *Wanamaker v. Wanamaker*, 215 Ga. 473 (1) (111 S. E. 2d 94). The motion to dismiss the bill of exceptions is without merit.

2. The defendant was indicted for the offense of involuntary manslaughter in the commission of an unlawful act, it being alleged that while under the influence of intoxicants, and while operating a motor vehicle at approximately 80 miles per hour, the defendant drove his machine off the pavement on the right-hand side of the road onto the dirt roadbed where he struck and killed the deceased, "said acts being in wilful and wanton disregard of the life and safety of others." On the trial there was testimony that the defendant's automobile left the right side of the highway on which he was traveling and skidded a distance of 225 feet, mostly on the grassy shoulder; there was a dent in the hood to the right of the left headlight which might have been made by striking a man; and the victim was lying at the edge of the road in a dying condition. The defendant stated that he saw the victim's car ahead of him but thought it was moving forward; that when he came immediately behind it he discovered it was parked; he could not pass to the left because of approaching traffic; he attempted to pass the parked car on the right, on the grassy shoulder, and the victim suddenly appeared from behind the parked automobile and he unintentionally hit him. It is contended that the court erred in submitting to the jury

the lesser offense of involuntary manslaughter in the commission of a lawful act without due caution and circumspection. Upon an indictment for manslaughter in the commission of an unlawful act, there may be a verdict of guilty of manslaughter in the commission of a lawful act in an unlawful manner where the evidence so warrants, unless the indictment is so narrowly drawn as to exclude this offense. A conviction for this offense is warranted under the indictment and evidence here. *Mullennix v. State,* 102 Ga. App. 391 (116 S. E. 2d 518); *Hardrick v. State,* 98 Ga. App. 649 (106 S. E. 2d 342); *Stone v. State,* 78 Ga. App. 555 (51 S. E. 2d 578); *Guthrie v. State,* 92 Ga. App. 62 (1) (87 S. E. 2d 648); *Kelly v. State,* 63 Ga. App. 231 (10 S. E. 2d 417); *Croker v. State,* 57 Ga. App. 895 (5) (197 S. E. 92); *French v. State,* 99 Ga. App. 149 (6) (107 S. E. 2d 890). Accordingly, the general grounds of the motion for a new trial as well as special ground 4 are without merit. The jury might, without believing that the defendant committed either of the unlawful acts of speeding and drunkenness charged in the indictment, have found that the defendant was criminally negligent, after seeing an automobile ahead in his path which was in fact stopped and in approaching it so rapidly in the face of advancing traffic that he was unable to stop but took his chances of skidding along a grassy shoulder where people might well be standing, blocked from his vision by the automobile. They might find such acts to be in wilful and wanton disregard of the life and safety of others as alleged. A charge on the lesser degree of involuntary manslaughter was proper under these circumstances.

2. In the absence of timely written request for a broader instruction, it is sufficient to define the offense of involuntary manslaughter in the commission of a lawful act without due caution and circumspection in the language of *Code* § 26-1009, although it is the better practice to charge that it must result from criminal negligence, which is "something more than ordinary negligence which would authorize a recovery in a civil action." *Cammons v. State,* 59 Ga. App. 759, 766 (2 S. E. 2d 205); *Howard v. State,* 25 Ga. App. 408 (2) (103 S. E. 683) (reversed on other grounds, 151 Ga. 845, 108 S. E. 513). Special ground 6 is without merit.

3. Error is assigned on the court's charge: "If you find the de-

fendant guilty of a misdemeanor, the form of your verdict will be, 'We, the jury, find the defendant guilty of a misdemeanor.' In the event you should find such a verdict, gentlemen, you are not concerned with the punishment, as the punishment for a misdemeanor is decided by the court," and also on the verdict, which was, "We, the jury, find the defendant guilty of a misdemeanor."

The court had previously charged: "Involuntary manslaughter in the commission or performance of a lawful act where there has not been observed necessary discretion and caution shall be punished as for a misdemeanor."

"Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." *Code* § 110-105. A verdict in the form here rendered is not necessarily void. It is void where the only offense charged is a felony. *Wells v. State,* 116 Ga. 87 (2) (42 S. E. 390); *Davis v. State,* 37 Ga. App. 144 (139 S. E. 100); *Weaver v. State,* 50 Ga. App. 178 (177 S. E. 349). Insofar as the defendant contends that only a felony is charged here, we have shown that contention to be without merit. Such a verdict is also void if more than one misdemeanor is involved and it cannot be determined for which crime the defendant was convicted. *Smith v. State,* 117 Ga. 16 (2) (43 S. E. 440). Here, the only misdemeanor for which the defendant could have been convicted was manslaughter in the commission of a lawful act in an unlawful manner. The charge should have given the jury the proper form of verdict and it did not do so, but since the only misdemeanor involved was the lesser grade of involuntary manslaughter, which the court had already told the jury was a misdemeanor, the intendment is obvious and the error is harmless to the defendant.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED APRIL 11, 1961.

*W. A. McQueen, Leon A. Wilson,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.