242 So.2d 763 (1971)
James Charles RICKS, Appellant,
v.
The STATE of Florida, Appellee.
No. 70-349.
District Court of Appeal of Florida, Third District.
January 12, 1971.
*764 Jack R. Nageley, and Harvey S. Swickle, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
Appellant was charged by information in the Criminal Court of Record in and for Dade County, Florida, with manslaughter. The information alleged that he was operating a motor vehicle in a negligent, careless, and reckless manner contrary to § 782.07, Fla. Stat., F.S.A., causing mortal wounds to another. He pleaded not guilty. The cause was submitted to a jury. The evidence was that he had run a red light while on the wrong side of the street and while under the influence of alcohol. The jury returned a verdict of guilty; judgment and sentence accordingly.
This appeal has been prosecuted. The appellant urges three points wherein error is alleged to have occurred in the trial court. First, that the trial court erred in denying the defendant's motion for mistrial because of alleged improper remarks by the prosecutor in closing argument. We find no error in this regard. Certain of the remarks made by the prosecutor were in reply to an argument made by defense counsel and, even if they were objectionable [which we do not so find], they were fair comment and reply to the defense's argument. Whitney v. State, Fla. 1961, 132 So.2d 599; Evans v. State, Fla.App. 1965, 178 So.2d 892; Sadler v. State, Fla.App. 1969, 222 So.2d 797. The other comments objected to when made were the subject of an objection by defense counsel, which at all times were sustained by the trial court. No request for an instruction to disregard the remarks was made. Morris v. State, 100 Fla. 850, 130 So. 852; Burkhead v. State, Fla.App. 1968, 206 So.2d 690.
As to the second point, error is urged in the failure of the trial court to grant a mistrial because of certain testimony presented to the jury. At the time of the trial, a police officer [who was a witness to the accident] was permitted to testify *765 that when the defendant was taken to the hospital after the accident a blood sample was taken. The results of the test obtained from the sample were excluded from the evidence, and we find no error in the trial judge's failure to grant a mistrial because of the testimony that had been given that a test had been made. The mere fact that the jury was aware of the test would not be sufficient to show sufficient prejudice to warrant a mistrial. Cornelius v. State, Fla. 1950, 49 So.2d 332; Gay v. City of Orlando, Fla.App. 1967, 202 So.2d 896.
The last point on appeal is that the trial court erred in not striking the testimony of a physician. The ground of the motion in the trial court was that the physician, who had treated a patient by the name of "Hicks" at the hospital on the date the accident occurred, could not identify the defendant as the said "Hicks" he had treated. The appellant for the first time on appeal now urges that the trial court erred in failing to grant the motion because a proper predicate had not been laid to permit the physician's testimony from the hospital records. It is too late now to urge a new ground for the motion to strike, which was not presented to the trial court. Shea v. State, Fla.App. 1964, 167 So.2d 767; Bertone v. State, Fla.App. 1969, 224 So.2d 400. The ground as made in the trial court was also without merit. The defendant was treated at the hospital, the physician had been on duty, and the hospital records indicated he had treated a patient by the name of "Hicks". This was other evidence from which the trier of fact could determine if the "Hicks" treated by the physician was the same as the defendant. The identity of name alone is not necessary. Bayless v. United States, 9th Cir.1967, 381 F.2d 67; Hardrick v. State, 96 Ga. App. 670, 101 S.E.2d 99; State v. Mitchner, 256 N.C. 620, 124 S.E.2d 831; Commonwealth v. Burton, 164 Pa.Super. 158, 63 A.2d 508. Identity may be shown by other facts and circumstances. Thompson v. State, 66 Fla. 206, 63 So. 423; Benton v. State, 95 Fla. 919, 117 So.2d 378.
Therefore, for the reasons above stated, the conviction, judgment and sentence here under review be and the same is hereby affirmed.